No. 15,709.

GREENWALD *v.* MOLLOY, DOING BUSINESS AS A. J. MOLLOY HEATING COMPANY.

(166 P. [2d] 983)

Decided March 4, 1946.

Mr. MANDELL LEVY, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFF in error, an attorney at law, sued Molloy, defendant in error, in a justice of the peace court to recover fees for professional services allegedly of the reasonable worth of $81.43. A jury returned a verdict for plaintiff in the amount of $30.68 for which judgment was entered. Feeling that the judgment was insufficient in amount, plaintiff appealed to the county court, wherein a jury again found in his favor, but fixed his recovery at the still lesser sum of $12.50. His counsel promptly moved for judgment for the full amount claimed non obstante veredicto, which motion the court denied; dispensed with the necessity of filing motion for new trial; ordered judgment for plaintiff in the sum fixed by the verdict, and taxed the costs of appeal in the county

court to plaintiff, but let the justice court costs stand as assessed against defendant.

As points for reversal plaintiff specifies that the verdict manifestly was against the evidence; that the ruling on the motion for judgment non obstante veredicto was wrong and that the court erred in assessing any of the costs against plaintiff.

■■ Plaintiff's demand was for fees in two distinct transactions, in the first of which $10.00 was claimed, and in the other $71.43. Defendant never has denied liability for the ten dollar charge. Because of this, plaintiff's counsel concludes that the jury, by returning its verdict for $12.50 must have allowed $2.50 for the services for which $71.43 was claimed. The evidence showed that $71.43 equaled fifteen percent of the amount of a debt ultimately paid by a third party directly to defendant, which plaintiff asserts he was employed to collect. It is undisputed that a fee of fifteen percent was not unreasonable or excessive for the collection of a claim of the amount involved. Counsel for plaintiff says that by awarding $2.50 on this item the jury, of necessity, must have found that plaintiff was employed by defendant. Hence, he argues, no verdict or judgment for any amount less than the unchallenged percentage collection fee was proper. As we view the record this hypothesis disregards the primary issue in dispute, which had to do with the terms and extent of plaintiff's employment. As has been indicated, plaintiff contended that he had been retained to collect the account and that the claim has been placed with him for that purpose. On the other hand, defendant protested that he only had requested plaintiff to write a single letter to the debtor, "to see" if such "would hasten settlement," and that he had not employed plaintiff to do anything further in the matter. Defendant stated on the witness stand that he had understood that there was to be no charge for writing the letter, but admitted that he later offered to pay $2.50 for that service. Both parties testified in detail in

direct and inferential support of their respective oppos-
ing contentions. Clearly, the resolution of the resulting
factual conflict was for the jury. It is equally patent
from the verdict, that the jury in the county court, as
had the one in the justice of the peace court previously,
accepted defendant's version of the limited employment
of plaintiff. In that contingency the award of course
would be for the service of writing the letter and not
for the collection of the account. Even though, if triers
of fact, we might have reached a conclusion at variance
with that of the jury, as seems to have been the feeling
of the judge below, it is elementary as a matter of law
in the eventualities detailed that we, as was he, are
bound by the verdict and must accept it as being con-
clusive against the objections of plaintiff in examination.

■ Upon the question of costs, plaintiff contends that
having been the prevailing party in the county court,
even though his recovery there was less than in the
justice of the peace court, he was entitled to judgment
against defendant for costs in both tribunals. It would
seem from the applicable statutes and rules that such a
result does not follow as a matter of course. Thus, while
providing that where a judgment of a justice of the
peace "shall be wholly affirmed or reversed" on appeal
"the party succeeding shall recover from the opposite
party his costs" in both courts, section 17, chapter 43,
'35 C.S.A. further specifies that, where the judgment of
the justice of the peace only "shall be affirmed in part,"
as herein resulted, the appellate court (therein desig-
nated as the "district court" to which appeals then laid)
"shall divide the costs between the parties, according
to the justice of the case." See, also Colorado Justice
Court Manual (3d ed.), p. 80, §41. In obvious conform-
ity, in *Murphy v. Cunningham*, 1 Colo. 467, 472, we held
that the exercise of the power to apportion costs between
the parties on appeal, conferred by section 17, supra,
rested in the discretion of the appellate court and that
error assigned for its omission to order a division was

without efficacy. The circumstance that subsequent to the adoption of section 17, supra, all appeals from justice courts have been made to lie to the county court instead of the district court, '35 C.S.A., c. 96, §140, is without moment herein, since following such change in the appellate forum the provisions of the then existing statutes establishing the mode of procedure in taking and prosecuting such appeals continued in force. See, *Wike v. Campbell*, 5 Colo. 126.

Consistency with this principle of discretion in the assessment of costs is preserved in county court procedures by Rule 54(d) R.C.P. Colo., which provides: "Except when express provision therefor is made either in a statute of this state, or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs; * * *.*"

Considering the latitude so accorded the county court in the apportionment of costs in appealed cases but partially affirmed, we are unwilling to say, even if plaintiff's specification presents a reviewable question, that any abuse of discretion appears with respect to the division ordered herein.

The judgment is affirmed.