Marian N. ROSSMILLER, Richard L. Hartman, and Francis Salter, all as individuals and members of the Career Service Board; A. H. Abshire, Secretary to the Career Service Board and Personnel Director of the Career Service Authority; The Career Service Authority; and the Career Service Board; H. J. Copeland, Jr., Director, and Aaron Lewis, Assistant Director, Public Office Buildings Division, Department of General Services; City and County of Denver, State of Colorado, Petitioners-Defendants,

v.

Tony A. ROMERO, Respondent-Plaintiff.

No. 79SC334.

Supreme Court of Colorado, En Banc.

March 30, 1981.

Rehearing Denied April 13, 1981.

Max P. Zall, City Atty., Brian H. Goral, David L. Dickinson, Asst. City Attys., Denver, for petitioners-defendants.

Willard B. Rogers, Jr., Aurora, for respondent-plaintiff.

HODGES, Chief Justice.

We granted certiorari in *Romero v. Rossmiller*, Colo.App., 603 P.2d 964 (1979) for the limited purpose of reviewing that portion of the judgment of the court of appeals which reversed the trial court's award of costs to the defendants who prevailed in a C.R.C.P. 106 action. We reverse.

Tony A. Romero (plaintiff) was employed by the City and County of Denver as a custodial worker. He was dismissed from that position in May 1977. He appealed his dismissal to the Denver Career Service Board, where it was upheld on the ground that ample evidence supported findings of on-the-job intoxication, failure to perform assigned duties, and the occurrence of a physical altercation with his supervisor. The plaintiff sought reversal of his dismissal by filing a C.R.C.P. 106(a)(4) action in the district court, where the dismissal was again affirmed.

Following the trial court's affirmance of plaintiff's dismissal in the Rule 106 action, defendants filed a motion pursuant to C.R.C.P. 59(e) to alter or amend judgment, seek-

ing an award of their costs. The motion was granted by the trial court, and the defendants, who are petitioners here, were awarded their costs in the amount of $585.35.

The plaintiff then appealed the judgment of the trial court, challenging both the affirmance of his dismissal and the award of costs to the defendants. The court of appeals affirmed the trial court on the issue of dismissal, but reversed the award of costs. Certiorari was granted to review only the portion of the judgment reversing the award of costs to the defendants.

C.R.C.P. 54(d) provides:

"Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

Thus, unless there is a statute or rule specifically prohibiting the award of costs, trial courts may exercise their discretion to award costs to a prevailing party.

In reversing the trial court's award of costs to the defendants in this case, the court of appeals relied on section 13–16–111, C.R.S. 1973, which states:

"A plaintiff who obtains judgment or an award of execution in an action brought under subsection (4) or (5) of rule 106(a), C.R.C.P., shall recover his costs of suit. The defendant shall recover his costs if the action brought under subsection (4) or (5) of rule 106, C.R.C.P., is dismissed pursuant to rule 41, C.R.C.P."

Specifically, the court of appeals interpreted section 13–16–111, C.R.S. 1973, as prohibiting an award of costs to defendants who prevail in a C.R.C.P. 106(a)(4) or (5) action *unless* the action is dismissed pursuant to C.R.C.P. 41.[1]

In our view, the court of appeals misapplied section 13–16–111. That provision contains a legislative directive that defendants who prevail in C.R.C.P. 106(a)(4) or (5) actions which are dismissed pursuant to C.R.C.P. 41 must be awarded their costs. However, it is silent with regard to those defendants who prevail in Rule 106(a)(4) or (5) proceedings on other grounds. Section 13–16–111 does not prohibit the award of costs to defendants who prevail on the merits in a C.R.C.P. 106(a)(4) action, as occurred here. Absent a specific prohibition, the award of costs was properly within the discretion of the trial court. C.R.C.P. 54(d).

Under C.R.C.P. 106, the defendant, typically a municipal or county authority, must shoulder the initial costs of the proceeding before the trial court. Since C.R.C.P. 106(a)(4) review is generally confined to the record, which includes a transcript of the administrative proceeding being challenged, *Ford Leasing Development Co. v. Board of County Commissioners*, 186 Colo. 418, 528 P.2d 237 (1974), these costs include the expense of preparing and certifying a transcript of the proceeding below to the reviewing court in response to its order to show cause.[2] However, where defendants

---

**1.** C.R.C.P. 41(b) provides for the dismissal of a case:

"(1) For failure of a plaintiff to prosecute or comply with these Rules of any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render judgment until the close of all the evidence . . . .

"(2) Actions not prosecuted or brought to trial with due diligence may be dismissed with prejudice after reasonable notice by the court . . . ."

**2.** An order to show cause issued by the district court allots the burden of providing an adequate record to the administrative agency. *Civil Service Commission v. Doyle*, 174 Colo. 149, 483 P.2d 380 (1971). *But see* section 24–4–105(13), C.R.S. 1973 (1980 Cum.Supp.) and *Loesch v. State Department of Revenue*, 194 Colo. 169, 570 P.2d 530 (1977) (the cost of a transcript of a hearing held under the auspices of the State Administrative Procedure Act is to be paid by the agency when it orders the transcript or by any party seeking to reverse or modify an initial decision of the hearing officer).

prevail in C.R.C.P. 106(a)(4) or (5) actions, either on the merits or other grounds not specified in C.R.C.P. 41, they should not be required to bear the expense of that review.[3]

We conclude that section 13–16–111, C.R.S. 1973, does not bar an award of costs to the defendants in this case. The trial court's award was within its discretion under C.R.C.P. 54(d).

The judgment of the court of appeals reversing the trial court's award of costs to the defendants in the C.R.C.P. 106 action is reversed.

---

**3.** *Cf.* C.A.R. 10(b) and 39(a). C.R.C.P. 106 review is analogous to appellate review. Under the appellate rules, however, the cost of preparing a record, including the transcript, is advanced by the party seeking to reverse the judgment and is ultimately taxed against the losing party.