891 P.2d 981 (1995)
In the Matter of the Application for WATER RIGHTS OF the BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ARAPAHOE, IN GUNNISON COUNTY.
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ARAPAHOE, Applicant-Appellant,
v.
CRYSTAL CREEK HOMEOWNERS ASSOCIATION, and Ernest H. Cockrell, Objectors-Appellants,
v.
COLORADO RIVER WATER CONSERVATION DISTRICT; Upper Gunnison River Water Conservancy District; United States of America; Henry J. Berryhill, Jr.; Board of County Commissioners of the County of Gunnison; City of Delta; City of Montrose; City of Grand Junction; City of Gunnison; Tri-State Generation and Transmission Association, Inc.; Colorado Wildlife Federation; Crested Butte Water and Sanitation District; Perkins D. Sams; East River at Almont Property Owners Association; Gunnison Angling Society; Gunnison County Electric Association; Murdie Homeowners' Association, Inc.; National Wildlife Federation; Rainbow Services, Inc., Colorado Wildlife Federation, Gunnison Angling Society and Western Colorado Congress; Mr. and Mrs. Charles Reeder; Virgil and Lee Spann Ranches, Inc.; State Engineer; State Board of Land Commissioners; Three Rivers Resort, Inc.; Uncompahgre Valley Water Users Association; Joseph P. Vader, Raymond P. Van Tuyl, Charles Richard Collard, Thomas E. Collard and Taylor Park Pool Association; and Wapiti Canyon Ranch, Ltd., Objectors-Appellees, and
Keith Kepler, Division Engineer, Water Division 4, Appellee pursuant to C.A.R. 1(e).
No. 92SA312.
Supreme Court of Colorado, En Banc.
February 21, 1995.
*982 Brownstein Hyatt Farber & Strickland, P.C., Charles B. White, Wayne F. Forman, Denver, CO, for objectors-appellants Crystal Creek Homeowners Ass'n and Ernest H. Cockrell.
Vranesh and Raisch, John R. Henderson, Paul J. Zilis, Boulder, CO, for applicant-appellee The Bd. of County Com'rs of the County of Arapahoe.
John R. Kappa, Montrose, CO, for objectors-appellees the Cities of Delta and Montrose.
Grimshaw & Harring, P.C., Wayne B. Schroeder, Denver, CO, for objector-appellee the City of Grand Junction.
Moses, Wittemyer, Harrison and Woodruff, P.C., Charles N. Woodruff, Boulder, CO, for objector-appellee Tri-State Generation and Transmission Ass'n, Inc.
U.S. Dept. of Justice, Andrew C. Mergen, Environment and Natural Resources Div., Washington, DC, U.S. Dept. of Justice, Michael A. Gheleta, Lynn A. Johnson, Environment and Natural Resources Div., Denver, CO, for objector-appellee U.S.
No appearance for the following objectors-appellees, Colorado River Water Conservation Dist., Upper Gunnison River Water Conservancy Dist., Henry J. Berryhill, Jr., Bd. of County Com'rs of the County of Gunnison, City of Gunnison, Colorado Wildlife Federation, Crested Butte Water and Sanitation Dist., Perkins D. Sams, East River at Almont Property Owners Ass'n, Gunnison Angling Soc., Gunnison County Elec. Ass'n, Murdie Homeowners' Ass'n, Inc., Nat. Wildlife Federation, Rainbow Services, Inc., Colorado Wildlife Federation, Gunnison Angling Soc. and Western Colorado Congress, Mr. and Mrs. Charles Reeder, Virgil and Lee Spann Ranches, Inc., State Engineer, State Bd. of Land Com'rs, Three Rivers Resort, Inc., Uncompahgre Valley Water Users Ass'n, Joseph P. Vader, Raymond P. Van Tuyl, Charles Richard Collard, Thomas E. Collard and Taylor Park Pool Ass'n, and Wapiti Canyon Ranch, Ltd.
No appearance for appellee pursuant to C.A.R. 1(e) Keith Kepler, Div. Engineer, Water Div. 4.
PER CURIAM.
Crystal Creek Homeowners Association (Crystal Creek) and Ernest H. Cockrell (jointly, the objectors) appeal from a judgment of the District Court for Water Division 4 (water court) denying them an award of costs under C.R.C.P. 54(d) after they successfully opposed applications for decrees determining conditional water rights filed by the Board of County Commissioners of Arapahoe County (Arapahoe) and its predecessor in interest, Natural Energy Resources Company (NECO). Having affirmed the underlying consolidated case in part, reversed it in part, and remanded the case to the water court by our opinion captioned In the Matter of the Application for Water Rights of the Board of County Commissioners of the County of Arapahoe, in Gunnison County, 891 P.2d 952 (Colo.1995) (hereinafter Arapahoe Water Rights), we now conclude that a decision on allowance of costs would be premature. Accordingly, we vacate the water court's judgment denying costs to the objectors and remand the case for such further proceedings as may become appropriate when the underlying claims are resolved by the water court.

I.
The costs at issue stem from litigation concerning claims for determination of conditional water rights for a large development known as the Union Park Project in the Gunnison River basin. In 1982, the water court decreed a 325,000 acre feet conditional storage right to Union Park Reservoir for hydroelectric power generation purposes in case no. 82-CW-340. NECO held the storage right and in 1986 applied for a conditional water rights decree in case no. 86-CW-226 to increase the capacity of the proposed reservoir to 900,000 acre feet and to expand the decreed uses for the entire 900,000 acre feet conditional storage right as well as to decree several direct flow rights for the Union Park Project. The expanded additional uses sought by NECO for water to be stored in Union Park Reservoir included recreational purposes, fish and wildlife propagation, and reservoir evaporation replacement.
*983 In 1988, NECO conveyed all of its interest in the Union Park Project to Arapahoe, and Arapahoe was substituted as the applicant in case no. 86-CW-226. Various parties who had filed statements of opposition, including Crystal Creek,[1] moved for summary judgment. On December 29, 1988, the water court granted partial summary judgment, dismissing most of the application in case no. 86-CW-226 as speculative because NECO did not have firm contracts for the use of the water when the claim was filed in 1986. See Colorado River Water Conservation Dist. v. Vidler Tunnel Water Co., 197 Colo. 413, 594 P.2d 566 (1979). The water court, however, left pending that portion of the application that sought to change the uses decreed for the conditional storage right in case no. 82-CW-340 by adding recreational purposes, fish and wildlife propagation, and reservoir evaporation replacement.
On December 30, 1988, Arapahoe filed an application in case no. 88-CW-178 to reassert the claims dismissed in case no. 86-CW-226 but with a later priority date. Both Crystal Creek and Cockrell filed statements of opposition to that application. Then, on November 30, 1990, Arapahoe filed an amendment to its applications in case nos. 86-CW-226 and 88-CW-178 to add a plan for augmentation and to claim a number of alternate points of diversion.
After extensive pre-trial proceedings relating to the amended applications in case nos. 88-CW-178 and 86-CW-226, the water court bifurcated the trial and in phase I heard evidence to determine the availability of water for Arapahoe's Union Park Project as framed in those two applications. Following a lengthy trial, the water court determined that a maximum of 20,000 acre feet of unappropriated water is legally available for appropriation on an annual basis at the points of diversion claimed by Arapahoe. Arapahoe Water Rights, at 963. Arapahoe advised the water court that 20,000 acre feet of water was insufficient to justify proceeding to trial on the remaining issues to determine the feasibility of the project. Id. at 963. Therefore, the water court dismissed the amended application in case nos. 86-CW-226 and 88-CW-178 and issued its findings of fact, conclusions of law, judgment and decree on October 21, 1991. On December 30, 1991, the water court issued a comprehensive order resolving certain pending motions as well as post trial motions and dismissing the applications and amended applications in case nos. 86-CW-226 and 88-CW-178 in their entirety.
Arapahoe appealed the dismissal of the claims originally asserted by NECO in 86-CW-226, as well as the dismissal of Arapahoe's amended claims in case nos. 86-CW-226 and 88-CW-178. We affirmed the dismissal of the NECO claims but reversed and remanded for further proceedings on Arapahoe's amended claims in case nos. 88-CW-178 and 86-CW-226, based on our determination that the water judge applied the wrong standard in determining availability of water. Arapahoe Water Rights, at 958, 973.
In the meantime, certain objectors, including Crystal Creek and Cockrell, having succeeded in their opposition to Arapahoe's claims in the trial court, sought an award of costs against Arapahoe under C.R.C.P. 54(d). The water court conducted appropriate proceedings and denied an award, based on the conclusion that Arapahoe County as a governmental entity is immune from an award of costs. The objectors appealed, challenging the immunity determination.

II.
In determining whether to award costs, a court is to be guided by C.R.C.P. 54(d), which provides in relevant part:
Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the state of Colorado, its officers or agencies, shall be imposed only to the extent permitted by law....
In construing this rule we have held that "unless there is a statute or rule specifically prohibiting the award of costs, trial courts *984 may exercise their discretion to award costs to a prevailing party." Rossmiller v. Romero, 625 P.2d 1029, 1030 (Colo.1981). In order to be the prevailing party, one must prevail on a significant issue in the litigation and achieve some of the benefits sought by the litigation. Odenbaugh v. County of Weld, 809 P.2d 1059, 1063 (Colo.App.1990). "The issue on which the party prevails need not be the central issue in the litigation, only a significant one." Id. See also Dennis I. Spencer Contractor, Inc. v. City of Aurora, 884 P.2d 326 (Colo.1994) (discussing "prevailing party" standards in construing settlement agreement entitling prevailing party in any enforcement action to recover attorney fees); In re Marriage of Watters, 782 P.2d 1220, 1221 (Colo.App.1989) (discussing "prevailing party" standards in construing statute concerning attorney fee award based on outcome of wage assignment dispute); Overland Dev. Co. v. Marston Slopes Dev. Co., 773 P.2d 1112, 1115-16 (Colo.App.1989) (discussing "prevailing party" standards in connection with contract provision for award of attorney fees to prevailing party in event of litigation).

III.
We conclude that a "prevailing party" cannot be identified at this stage of the litigation. Therefore, any determination of costs at this stage would be premature.
The present status of the water rights applications by Arapahoe for its Union Park Project can be briefly summarized. The objectors successfully opposed the claims acquired by Arapahoe from NECO.[2] The result was that Arapahoe lost the earlier priority dates for the dismissed claims as originally asserted by NECO. Arapahoe reasserted those same dismissed claims with a later priority date by the amended applications in case nos. 86-CW-226 and 88-CW-178 and although the objectors prevailed in the water court, those claims remain pending and unresolved as a result of our reversal and remand in Arapahoe Water Rights. All claims referred to in this opinion are interrelated parts of Arapahoe's Union Park Project. We conclude that a determination of whether the objectors are the prevailing parties under C.R.C.P. 54(d) must await resolution of the claims now pending in the water court. Therefore, it is premature to determine whether, if the objectors ultimately should be prevailing parties, Arapahoe can successfully assert that as a governmental entity it is immune from an award of costs.
For the foregoing reasons, we vacate the water court's judgment denying costs to the objectors and remand the case for such further proceedings as may become appropriate upon resolution of the underlying claims.
NOTES
[1] Ernest H. Cockrell did not file a statement of opposition in case no. 86-CW-226.
[2] Although the application in case no. 86-CW-226 to change the 325,000 acre feet conditional storage right decreed to Union Park Reservoir in case no. 82-CW-340 to include uses for recreational purposes, fish and wildlife propagation, and reservoir evaporation replacement was not dismissed by the December 29, 1988, summary judgment order, the water court ultimately dismissed the entire case no. 86-CW-226 by its December 30, 1991, comprehensive order.