Concerning the Application for Water Rights of Groundwater Appropriators of the South Platte River Basin, Inc.,

**FORT MORGAN RESERVOIR AND IRRIGATION COMPANY,**
Objector-Appellant

v.

**GROUNDWATER APPROPRIATORS OF the SOUTH PLATTE RIVER BASIN, INC., Applicant–Appellee**

and

**Lower South Platte Water Conservancy District and Ferguson Family Trust,**
Objectors–Appellees

**Division Engineer, Water Division No. 1, Appellee Pursuant to C.A.R. 1(e).**

**No. 03SA56.**

Supreme Court of Colorado, En Banc.

Feb. 23, 2004.

---

Timothy R. Buchanan, P.C., Timothy R. Buchanan, Karen M. Holmes, Arvada, Colorado, Attorneys for Objector–Appellant.

Hill & Robbins, P.C., David W. Robbins, Dennis M. Montgomery, Avi S. Rocklin, Denver, Colorado, Attorneys for Applicant–Appellee.

Justice KOURLIS delivered the Opinion of the Court.

## I. INTRODUCTION

On June 30, 1998, Groundwater Appropriators of the South Platte River Basin, Inc. (GASP) filed an application in the District Court in and for Water Division No. 1 (the "water court") pursuant to the Water Right Determination and Administration Act of

1969 (the "1969 Act")[1] for a conditional water storage right for the proposed Ovid Reservoir. Fort Morgan Reservoir and Irrigation Co. ("Fort Morgan") filed a statement of opposition. Following a trial, the water court entered an order granting GASP a conditional water storage right in Ovid Reservoir. In addition, the water court ultimately granted GASP's Motion for Award of Costs pursuant to C.R.C.P. 54(d)("Rule 54(d)"). Fort Morgan appealed that portion of the water court order, asserting that the court inappropriately applied Rule 54(d) and abused its discretion in awarding GASP costs. Because there is no rule or statute explicitly or implicitly prohibiting such an award, and because the water court did not abuse its discretion under the facts of this case, we affirm the order granting GASP's Motion for Award of Costs.

## II. FACTS

GASP's application for water storage right sought the conditional right to store 7,500 acre-feet[2] of water in the proposed Ovid Reservoir in Sedgwick County, Colorado. On August 24, 1998, Fort Morgan filed a statement of opposition with the water court claiming that GASP's application could adversely affect its vested water rights located in the South Platte River basin.[3] The division engineer filed a Summary of Consultation on October 1, which identified various concerns that GASP would have to address before the Engineer could approve the application. On September 21, 1999, GASP certified its intent to protest an adverse ruling of the referee under section 37–92–303(2), 10 C.R.S. (2003), and accordingly moved to rerefer the matter to the water judge. C.R.C.P. Rule 16 disclosure deadlines were then set, and the case moved toward trial. On September 21, 2000, the water court granted GASP's motion for partial summary judgment, determining that GASP was not required to identify the specific well-depletions to be replaced with water stored in the reservoir. The water court denied Fort Morgan's and other Objectors' cross-motions for summary judgment regarding GASP's temporary substitute supply plan.

The water court conducted a trial on February 4–6, 2002, during which GASP presented evidence in support of its application for conditional water rights and Fort Morgan presented evidence and exhibits in opposition. Fort Morgan argued that GASP failed to prove by a preponderance of the evidence that GASP can and will put the water to beneficial use within a reasonable time. On May 7, 2002, the water court issued a written order addressing all of Fort Morgan's legal arguments, resolving them in GASP's favor, and granting GASP's conditional application. On September 5, 2002, the water court entered the final decree which incorporated the findings and conclusions of its May 7, 2002, order and which granted a storage right of 5,772 acre-feet, conditional, with the right to fill and refill the reservoir whenever water is physically available in priority.

On September 20, 2002, GASP filed a Motion for Award of Costs for expert witness fees and copying costs pursuant to C.R.C.P. Rules 54(d) and 121, section 1–22. Fort Morgan opposed the Motion, arguing that an award of costs to the applicant in a water court proceeding was inappropriate in all but the most egregious circumstances. The water court granted GASP's motion, held a hearing and ultimately awarded GASP costs totaling $7,240.65, approximately $4,000 less than GASP originally sought.[4]

Fundamentally, Fort Morgan opposed the entry of costs by the water court on the same basis as that which it asserts in this appeal: namely, that water court proceedings are not brought against another party, but rather are brought by an applicant seeking the adjudication of claims to a public resource. Opposers appear in order to protect their own

---

1. § 37–92–101, et seq., 10 C.R.S. (2003).

2. GASP amended its claim prior to trial to 5,772 acre-feet of water, with a right to fill and refill.

3. Other parties filed statements of opposition as well, and participated in portions of the proceed-

ings. Ultimately, all Objectors other than Fort Morgan entered into stipulations with GASP.

4. GASP did amend its request downward to delete $2,000 that Fort Morgan argued was attributable to another case with which this case was consolidated at one point.

water rights and to hold the applicant to a strict standard of proof. Hence, Fort Morgan argued before the water court and argues here that water cases are not litigation in the sense of civil cases where one party has sued another, and should not therefore result in an imposition of costs against an opposer.[5] The water court largely rejected Fort Morgan's contentions and instead held that:

> The court agrees with Fort Morgan's arguments to a certain extent, but also concludes that there is a point where voluntary filing of an application for a water right becomes litigation. At this point, the costs expended by any party (Applicant or Opposers) are not necessarily incurred in the "routine course" of securing a water right or opposing an application. It is within the court's discretion to award these litigation costs to the prevailing party under C.R.C.P. Rule 54(d), and Rule 121, § 1–22. *See Rossmiller v. Romero,* 625 P.2d 1029 (Colo.1981); and *[Greenwald] v. Molloy,* 114 Colo. 529, 166 P.2d 983 (Colo. 1946).
>
> The court concludes that an application for water rights becomes litigation at the point that it has moved from the Referee's jurisdiction to the Water Court's, and the matter has been set for trial. The court will consider requests for costs incurred from this point forward. Absent a showing of extraordinary circumstances, the court is not inclined to grant any costs incurred prior to this point.
>
> In this matter, GASP was the prevailing party at the trial on the merits. Thus, GASP is entitled to an award of costs to the extent that its submitted claims are consistent with the above language and were reasonably incurred in preparation for trial in this case.

Fort Morgan appealed the water court's ruling on the following points: (A) whether an applicant for water rights who obtains a decree granting conditional water rights should be considered a "prevailing party"

pursuant to Rule 54(d) for the purpose of granting costs against an opposer in an application; and (B) whether the water court's decision to award costs to GASP against Fort Morgan pursuant to Rule 54(d) in this case was unreasonable, unfair, and arbitrary, or constituted an abuse of discretion.[6]

## III. ANALYSIS

### A. The Parties' Positions

Fort Morgan asserts that water right adjudication proceedings are inherently unique and should not be considered litigation under Rule 54(d), except in extraordinary circumstances. Specifically, Fort Morgan posits that it is difficult even to determine who the "prevailing party" is in water court proceedings, because an applicant may receive a decree for water rights—but for less than it claimed or with certain strict conditions that inure to the benefit of the opposer. Fort Morgan further contends that an award of costs against an opposer interferes with and chills the right to protect senior water rights. GASP, on the other hand, argues that when an opposer forces an applicant to a contested trial, and affirmatively presents evidence at that trial, the opposer is doing more than just protecting its own water right. Under those circumstances, GASP suggests that an award of costs under Rule 54(d) is appropriate.

### B. Water Court Proceedings

Water court proceedings are unique in a number of ways, one of which involves the use of the referee. By operation of statute, when an application is filed, the water judge refers the matter to the water court referee. § 37–92–203(7), 10 C.R.S. (2003). The referee, without conducting a formal hearing, is charged with investigating and becoming fully advised about the matters in the application and any statements of opposition. § 37–92–302(4), 10 C.R.S. (2003). The referee must consult with the appropriate division

---

**5.** Fort Morgan does contend that opposers may be entitled to costs in certain circumstances.

**6.** Ultimately, the parties entered into a stipulation as to the amount of costs that should be

awarded if the water court's award is upheld. Therefore, we need not address whether the costs are reasonable.

engineer or state engineer or both, and the engineer is to file a summary report of that consultation with the water court. *Id.*

Within sixty days from the last day on which statements of opposition may be filed, the referee files a ruling on the application unless he or she determines to rerefer it to the water judge at that point. § 37–92–303(1), 10 C.R.S. (2003). The ruling may disapprove or approve the application in whole or in part. *Id.*

Within twenty days after mailing of the ruling, any person may file in protest or support of the ruling. When a pleading is filed with respect to a referee's proposed ruling, or when a case is rereferred to the water judge by the referee, the water court shall then conduct de novo proceedings. § 37–92–304(3), 10 C.R.S. (2003). When there is no protest to a referee ruling, the water judge shall confirm and approve the ruling, unless it is "contrary to law." § 37–92–304(5).

Hence, water court cases are bifurcated. The first phase of the case takes place before the referee, during which time the parties have an opportunity to become apprised of the facts, review the summary of consultation filed by the division or state engineer, and explore resolution. When there is no protest, or when the parties all agree with the referee's ruling, the water judge is likely to approve that ruling and never conduct any de novo proceedings. When the matter is rereferred to the water court, or when the referee's ruling is protested, the case moves into its second phase, which consists of discovery and trial.

## C. Rule 54(d)

■ Rule 54(d) states in pertinent part: "Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Hence, in the absence of a statute or rule, "trial courts may exercise their discretion to award costs to a

prevailing party." *Rossmiller v. Romero*, 625 P.2d 1029, 1030 (Colo.1981); *see also Bd. of County Comm'rs v. Crystal Creek Home-owners Ass'n*, 891 P.2d 981, 983 (Colo.1995) ("In determining whether to award costs in a water rights case, a court is to be guided by C.R.C.P. 54(d)....").

A note at the beginning of the Uniform Local Rules for All State Water Court Divisions (the Uniform Water Rules) provides that "[e]xcept as expressly provided in these rules, the Colorado Rules of Civil Procedure, including the state-wide practice standards set out in C.R.C.P. 121, shall apply to water court practice and procedure." *See also Groundwater Appropriators of the South Platte River Basin, Inc. v. City of Boulder*, 73 P.3d 22, 24–25 (Colo.2003) ("As this court has previously recognized, the Uniform Local Rules For All State Water Court Divisions indicate their intent that the Colorado Rules of Civil Procedure apply to water court practice and procedure, '[e]xcept as expressly provided by these rules.' ") (quoting *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 381 (Colo.1994))(alteration in original).

While the Uniform Water Rules do mention and limit specific provisions of the civil rules[7], Rule 54(d) gets no special attention indicating that it does not apply or should be applied only in limited circumstances. Similarly, there is no provision in the 1969 Act either permitting or prohibiting the award of costs to a "prevailing party" in water court proceedings.

■ C.R.C.P. 81(a)("Rule 81(a)") does provide in pertinent part that "[the Colorado Rules of Civil Procedure] do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute." Water rights proceedings are indeed "special statutory proceedings" for purposes of Rule 81(a).[8] However, we are not persuaded that the award of costs pursuant to Rule 54(d) is inconsistent or in conflict with any purpose

---

7. *See, e.g.,* Rule 11(c), Uniform Local Rules for All State Water Court Divisions, 12 C.R.S. (2003) (barring formal discovery pursuant to C.R.C.P. Rules 26 through 37 until a case is "at issue").

8. *See Colorado River Water Conservation Dist. v. Rocky Mountain Power Co.,* 174 Colo. 309, 486 P.2d 438, 440 (1971), *cert. denied,* 405 U.S. 996, 92 S.Ct. 1245, 31 L.Ed.2d 465 (1972).

or provision of the 1969 Act, such as to implicate the prohibition of Rule 81(a). The 1969 Act contemplates that an individual or entity may file for a water right, and that any person may file a statement of opposition setting forth facts "why the application should not be granted, why it should be granted only in part or on certain conditions." § 37–92–302(1)(b). The statement of opposition places the applicant, the division engineer, and the water referee on notice of concerns regarding the granting of the water right. Those concerns are then taken into account in the phase of the process involving the summary of consultation and the issuance of a proposed ruling by the referee.

If the referee does not rerefer the matter to the water judge and does issue a ruling, it is then incumbent upon an opposer again to voice objection to that ruling. If no objection is filed, the water judge will most likely approve the ruling. Hence, the filing of an additional protest to a proposed ruling triggers the involvement of the applicant and the opposer in a contested proceeding before the water judge where, at the least, the opposer will hold the applicant to a strict burden of proof and may present affirmative evidence adverse to the applicant.

That process is not intrinsically inconsistent with the "prevailing party" concept inherent in Rule 54(d). By the time a water case gets to a de novo hearing before a water judge, it carries many of the indicia of contested civil litigation. The issues have been crystallized, and the parties have likely identified witnesses, perhaps expert witnesses, and exhibits that they intend to introduce at trial.

■■ It may well be true that there are instances in which it would be difficult to identify a "prevailing party" at the conclusion of the trial because the applicant might obtain a water right, but something less than it sought. However, that possibility does not justify categorically removing from water courts the discretion to award costs. In order to "prevail" for purposes of Rule 54(d), a party must prevail on a significant issue in the litigation and achieve some of the benefits sought by the litigation. *Crystal Creek,* 891 P.2d at 984. "The issue on which the

party prevails need not be the central issue in the litigation, only a significant one." *Id.* Moreover, where "each of the parties can arguably be viewed as having prevailed in part, the award of costs in such a situation is committed to the sole discretion of the trial court." *Mackall v. Jalisco Int'l, Inc.,* 28 P.3d 975, 977 (Colo.App.2001).

At the point at which a water rights case ceases to be a dispute handled informally by a water referee, and becomes litigation involving pre-trial discovery, sworn live testimony, and expert witnesses, it rests within the sound discretion of the trial court to determine whether, at the trial's conclusion, there is a prevailing party entitled to costs.

Since there is no statute or rule prohibiting the award of costs, and the unique nature of water right proceedings does not preclude the applicability of Rule 54(d), the award of costs necessarily rests in the sound discretion of the water court. *Rossmiller,* 625 P.2d at 1030.

### D. The Facts of this Case

■ Finally, Fort Morgan maintains that even if Rule 54(d) applies in water rights proceedings, the water court abused its discretion here in awarding costs to GASP. Generally, we will not overturn an award of costs on appeal absent an abuse of discretion. *See Rossmiller,* 625 P.2d at 1030. Such abuse is manifest only when the trial court's decision is "arbitrary, unreasonable, or unfair." *Hock v. New York Life Ins. Co.,* 876 P.2d 1242, 1251 (Colo.1994).

First, the water court determined that "an application for water rights becomes litigation at the point that it has moved from the Referee's jurisdiction to the Water Court's, and the matter has been set for trial. The court will consider requests for costs incurred from this point forward." Given the mandate of the 1969 Act concerning the movement of a case from the referee to the water court, such a determination is not arbitrary or unreasonable. Once the case is before the water judge, it does change its character.

Second, the water court found that GASP was the "prevailing party" under Rule 54(d).

Although the court did not recite that fact in its order, it is apparent in other portions of the record that Fort Morgan appeared at the trial and actively opposed GASP's application by the presentation of evidence. As a matter of law and fact, the water court ruled against Fort Morgan's position that GASP had failed to satisfy the "can and will" prong of the statute, and granted GASP's application for the conditional storage right in full.

Given the circumstances of the case, we find no abuse of discretion in the water court's order.

## IV.

Because there is no statute or rule prohibiting the award of costs pursuant to C.R.C.P. 54(d) in water rights proceedings, and because the water court's decision is supported by the record, we affirm the Order awarding costs to GASP.