Richard ARCHER, Petitioner

v.

FARMER BROS. CO., a California
corporation; Al Henshaw; and
Dennie Rawson, Respondents.

No. 02SC583.

Supreme Court of Colorado,
En Banc.

May 17, 2004.

David Littman, P.C., David Littman, Denver, Colorado, Johnson & Ayd, P.C., Patricia M. Ayd, James D. Johnson, Denver, Colorado, Attorneys for Petitioner.

Stromberg Cleveland Crawford & Schmidt, P.C., Colleen M. Rea, Paul D. Godec, Peter C. Middleton, Denver, Colorado, Attorneys for Respondent Farmer Bros. Co.

DiManna & Jackson, P.C., Gary M. Jackson, Neeti Pawar, Denver, Colorado, Attorneys for Respondents Al Henshaw and Dennie Rawson.

Justice BENDER delivered the Opinion of the Court.

In this case, we review the court of appeal's decision in *Archer v. Farmer Bros. Co.*, 70 P.3d 495 (Colo.App.2002), affirming the trial court's award of costs to individual defendants Al Henshaw and Dennie Rawson.

The court of appeals held that the trial court correctly determined that Henshaw and Rawson were "prevailing parties" under both Colorado Rule of Civil Procedure 54(d) and section 13–16–105, 5 C.R.S. (2003), despite the fact that the Plaintiff, Richard Archer, prevailed on a single issue in the case. The court of appeals held that under the circumstances of this case, the trial court did not abuse its discretion when it reached this conclusion. We agree, and accordingly we affirm the judgment of the court of appeals.

## Facts and Proceedings Below

Richard Archer had been an employee of Farmer Bros. Co. for twenty-two years when Farmer Bros. instigated an investigation into Archer's alleged misconduct. While the investigation was pending, Archer suffered from a heart condition that was believed at the time to be a heart attack. Farmer Bros. ultimately decided to terminate Archer, and Henshaw and Rawson, Archer's supervisors, were told to inform him of the decision.

Henshaw and Rawson delivered the news to Archer at the home of Archer's mother-in-law, where he was recovering from his apparent heart attack. Archer was resting in bed, partially dressed, when Henshaw and Rawson informed him he had been terminated. They gave Archer his final paycheck and demanded the keys to the company van, which was parked outside. Archer was visibly upset by the incident and demanded that they leave. That evening, Archer attempted suicide.

Archer sued Farmer Bros. and Henshaw and Rawson for violations of the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Colorado Anti–Discrimination Act (CADA), and for intentional infliction of emotional distress (outrageous conduct). The trial court dismissed the ADA and CADA claims against all defendants and the ADEA claim against Henshaw and Rawson before the case went to the jury. The jury found for Farmer Bros. on the ADEA claim. It found for Archer, however, on the outrageous conduct claim, and awarded him $30,500.00 in non-economic damages and $30,500.00 in exemplary damages from Farmer Bros., and $2500.00 and $2,499.00 in non-economic damages from Henshaw and Rawson respectively.

All parties requested attorney's fees and costs. The trial court denied Farmer Bros.' and Archer's requests, but awarded costs in the amount of $554.02 to Henshaw and Rawson. The trial court found that Henshaw and Rawson were entitled to costs under both C.R.C.P. 54(d) and section 13–16–105, 5 C.R.S. (2003), because they were "prevailing parties" in the litigation against Archer. The court explained that "when a case involves multiple claims, some of which are successful and some of which are not, trial courts have great discretion in determining which party, if any, was the 'prevailing party' within the meaning of C.R.C.P. 54(d) or other cost-shifting provisions." It then observed that the verdict against Henshaw and Rawson was 1/24th the size of that against Farmer Bros. and was not attended by findings of "fraud, malice, or willful and wanton conduct," as was the verdict against Farmer Bros. Under these circumstances, the trial court concluded, "As between [Archer] and Farmer [Bros.] neither party was the prevailing party, but ... as between [Archer] and [Henshaw and Rawson], the individual Defendants were the prevailing party."

The defendants appealed the outrageous conduct findings to the court of appeals, and Archer cross-appealed on the issue of costs.

The court of appeals affirmed the judgments, which are not at issue in this appeal, and affirmed the trial court's award of costs. On the issue of costs, the court agreed with the trial court's analysis, and held that under the circumstances of the case, the trial court did not abuse its discretion when it concluded that Henshaw and Rawson were "prevailing parties" and entitled to costs. *See Archer*, 70 P.3d at 501.

We granted certiorari to determine whether the trial court erred when it found that Henshaw and Rawson were "prevailing parties" for the purpose of awarding costs.[1] We now affirm.

## Analysis

■ Archer argues that the trial court abused its discretion when it concluded that Henshaw and Rawson were "prevailing parties" and therefore entitled to costs. In particular, Archer contends the trial court applied the wrong standard when it made its determination and urges us to apply a presumption in favor of taxing costs to a plaintiff who succeeds on any significant issue in the case.[2]

In response, the defendants argue that the trial court correctly determined that Henshaw and Rawson were the prevailing parties for purposes of awarding costs and asks that we affirm that court's "reasonable exercise of [its] broad discretion" in this case.

We hold that the trial court's determination that Henshaw and Rawson were "prevailing parties" for purposes of awarding

costs was not an abuse of discretion. Accordingly, we affirm the judgment of the court of appeals.

■ When deciding whether to award costs, a trial court must be guided by C.R.C.P. 54(d). *In re Water Rights of Bd. of County Comm'rs*, 891 P.2d 981, 983 (Colo. 1995). This rule provides in relevant part that "except when express provision therefor is made ... in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." We have interpreted this rule to mean that trial courts "may exercise their discretion to award costs to a prevailing party." *In re Water Rights*, 891 P.2d at 984 (quoting *Rossmiller v. Romero*, 625 P.2d 1029, 1030 (Colo.1981)); *cf. Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980) (taxing of costs under the nearly identically-worded Federal Rule of Civil Procedure 54(b) "rests largely in the sound discretion of the trial court"). Accordingly, we review an award of costs for an abuse of discretion and will only disturb the award if it is manifestly arbitrary, unreasonable, or unfair. *Fort Morgan v. GASP*, 85 P.3d 536, 541 (Colo. 2004)

■ A "prevailing party" is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. *Id.* The number of claims upon which a party prevails or the amount awarded for those claims is not determinative. *Grynberg v. Agri Tech, Inc.*, 985 P.2d

1. We granted certiorari to consider the following question:

   Whether the court of appeals erred in affirming the trial court's rulings refusing to tax costs in favor of the plaintiff as the prevailing party, and to tax costs in favor of the individual defendants.

2. Archer cites a number of federal cases that interpret Federal Rule of Civil Procedure 54(d), which is nearly identical to C.R.C.P. 54(d). Under federal law, rule 54(d) creates a presumption that a prevailing party will recover costs, and the party opposing costs must overcome that presumption. *See, e.g., Cantrell v. Int'l Brotherhood of Electrical Workers*, 69 F.3d 456, 458–59 (10th Cir.1995); *Serna v. Manzano*, 616 F.2d 1165, 1167–68 (10th Cir.1980).

   In an appropriate case, we might consider these cases as persuasive authority, but in this

case, Archer's reliance on these authorities is misplaced. *See Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002) ("When a Colorado Rule is similar to a Federal Rule of Civil Procedure, we may look to federal authority for guidance in construing the Colorado rule."). The issue in this case is not whether there is a presumption under C.R.C.P. 54(d) in favor of awarding costs to a prevailing party. Rather, the issue we consider is whether a trial court abuses its discretion when it concludes that one of the parties is a prevailing party for purposes of awarding costs. As we explain below, this issue is controlled by Colorado law. Accordingly, we do not reach the issue of whether C.R.C.P. 54(d) creates a presumption in favor of awarding costs to a prevailing party.

59, 64 (Colo.App.1999), *aff'd,* 10 P.3d 1267 (Colo.2000).

■ When a case involves many claims, some of which are successful and some of which are not, it is left to the sole discretion of the trial court to determine which party, if any, is the prevailing party and whether costs should be awarded. *See* §§ 13–16–108 and –109; *GASP,* 85 P.3d at 541; *Lobato v. Taylor,* 13 P.3d 821, 835 (Colo.App.2000), *rev'd on other grounds,* 71 P.3d 938 (Colo. 2002); *Husband v. Colo. Mountain Cellars, Inc.,* 867 P.2d 57, 62 (Colo.App.1993).

■ Archer contends that this principle applies only in cases where a defendant brings counterclaims, and both the plaintiff and the defendant prevail on some of their claims. Although the cases that rely on this principle do involve counterclaims, neither this Court nor the court of appeals has ever limited a trial court's discretion in this way. *See, e.g., Wheeler v. T.L. Roofing, Inc.,* 74 P.3d 499, 504 (Colo.App.2003) ("An award of costs to a single prevailing party is justified where both parties prevail on *some aspect* of the issues in dispute.") (emphasis added); *Lobato,* 13 P.3d at 835; *Husband,* 867 P.2d at 62; *Woolley v. Bear Creek Manors,* 735 P.2d 910, 912 (Colo.App.1986).

We decline to adopt such a rule now because to do so would unnecessarily restrict a trial court's ability to make a determination that properly lies within its purview. A trial court is given broad discretion to determine who is a prevailing party in multiple claim cases because of its unique opportunity to observe the course of the litigation. *See Wheeler,* 74 P.3d at 504 (holding that trial court is the in best position to determine which party ultimately prevailed for purposes of awarding attorney's fees); *cf. Phetosomphone v. Allison Reed Group, Inc.,* 984 F.2d 4, 9–10 (1st Cir.1993) (deferring to trial court's determination of attorney's fees and costs because of court's intimate familiarity with the litigation). In multiple claim cases, where either party could arguably be considered the "prevailing party," the trial court is in the best position to evaluate the relative strengths and weaknesses of each party's claims, the significance of each party's suc- cesses in the context of the overall litigation, and the time devoted to each claim.

We see no reason to limit this discretion now, and accordingly we conclude that when a case involves multiple claims, some of which are successful and some of which are not, a trial court has sole discretion to determine who is a "prevailing party," even if the claims are filed by only one party.

### Application

In this case, the trial court explained that it considered Henshaw and Rawson "prevailing parties" because the jury awarded Archer substantially more damages from Farmer Bros. than from the individual defendants, and because the jury did not award any exemplary damages against either Henshaw or Rawson:

> The jury awarded Plaintiff $30,500.00 in actual damages against Farmers, but only $2500.00 against Henshaw and only $2499.00 against Rawson. Moreover, the jury awarded Plaintiff $30,500.00 in exemplary damages against Farmers, but no exemplary damages against either Henshaw or Rawson. In the end, with both sets of Defendants facing significant exposure, ... the individual Defendants escaped with verdicts of approximately 1/24th the amount of the verdict against Farmers and no award of exemplary damages.

Archer contends that the trial judge misapplied the law when it made this determination because it based its conclusion on the amount awarded Archer from these defendants. Had the trial court applied the correct standard, Archer argues, Archer would have presumptively been the prevailing party because he prevailed on a significant issue and achieved some of the benefits sought by the litigation.

Archer misconstrues the nature of a trial court's discretion under C.R.C.P. 54(d) to determine which party is a "prevailing party." While we have observed that the number of claims upon which a party prevails and the amount of a party's recovery are not determinative of whether a party is the "prevailing party," a trial court may consider these factors.

In this case, the trial court noted that all defendants prevailed on the ADA, ADEA, and CADA claims. It also acknowledged that all defendants suffered adverse verdicts on the outrageous conduct claim. However, despite the "significant exposure" Henshaw and Rawson faced in this litigation, they both escaped not only comparatively large awards but also exemplary damages attended by findings of "fraud, malice, or willful and wanton conduct." Further, while the jury found against Henshaw and Rawson on the outrageous conduct claim, the vast majority of the time and resources of the litigation were devoted to the ADEA claim, which was far more complicated and time-consuming.

Under these circumstances, we cannot say the trial court abused its discretion when it determined that Henshaw and Rawson were prevailing parties in the litigation. The factors mentioned by the trial court are all within its discretion to consider, and we see no basis to disturb its conclusion.

## Conclusion

For the reasons given above, we hold that the trial court did not abuse its discretion when it concluded that the individual defendants in this case were "prevailing parties" for purposes of awarding costs. Accordingly, we affirm the judgment of the court of appeals.