25CA0130 Marin Metro v Colorado Bondshares 11-20-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0130
Arapahoe County District Court No. 22CV30866
Honorable Ben L. Leutwyler III, Judge

Marin Metropolitan District, a quasi-municipal corporation and political
subdivision of the State of Colorado,

Plaintiff-Appellee,

v.

Colorado Bondshares – A Tax Exempt Fund and UMB Bank, N.A.,

Defendants-Appellants,

and

Century at Landmark, LLC,

Interested Party-Appellee.

ORDER AFFIRMED IN PART AND REVERSED IN PART

Division I
Opinion by JUDGE SCHUTZ
J. Jones and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 20, 2025

Anderson Notarianni McMahon LLC, Kimberly A. Bruetsch, Denver, Colorado,
for Plaintiff-Appellee

Kutak Rock LLP, Neil L. Arney, Thomas W. Snyder, Kathleen F. Guilfoyle,
Denver, Colorado, for Defendants-Appellants

Fox Rothschild LLP, Marsha M. Piccone, Patrick J. Casey, Risa B. Brown, Denver, Colorado, for Interested Party-Appellee

¶ 1    Defendants, Colorado Bondshares, a tax-exempt fund (Bondshares), and UMB Bank, N.A. (UMB), appeal the trial court's order awarding litigation costs to plaintiff, Marin Metropolitan District (MMD), and an interested party, Century at Landmark, LLC (Century).  We affirm in part and reverse in part.

## I.    Background and Procedural History

¶ 2    MMD is a special district that issued bonds to fund certain improvements; Century owns the land within MMD; Bondshares is a tax-exempt fund that purchased the bonds; and UMB is the bank that held the bond proceeds in trust.  *See Landmark Towers Ass'n v. UMB Bank, N.A.*, 2018 COA 100, ¶¶ 1-13; *Marin Metro. Dist. v. Colo. Bondshares*, slip op. at 1 (Colo. App. No. 24CA1092, June 12, 2025) (not published pursuant to C.A.R. 35(e)).  The present appeal addresses solely the trial court's award of costs in favor of Century and MMD and against Bondshares and UMB.  In the interest of brevity, we assume the readers' knowledge of the factual and procedural history of the prior litigation.

## II.    Analysis

¶ 3    Bondshares and UMB raise five issues related to the cost award: They claim the trial court erred by (1) awarding costs to

MMD and Century because they should not have prevailed on the merits; (2) awarding Century costs because it asserted no claims for relief and no claims were asserted against it; (3) awarding Century's coding expenses because they were not adequately justified; (4) awarding MMD's and Century's deposition expenses because their necessity was not adequately explained; and (5) awarding MMD's and Century's expenses for trial transcripts because the parties agreed to split those costs without reserving the ability to seek them as costs. We address these contentions in turn.

### A. Standard of Review

¶ 4 We review a trial court's award of costs for an abuse of discretion. *Archer v. Farmers Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). We will disturb the award only "if it is manifestly arbitrary, unreasonable, or unfair." *Id.* The parties agree that each issue raised on appeal is preserved.

¶ 5 With these standards in mind, we turn to the specific issues that Bondshares and UMB raise.

### B. The Merits Decision

¶ 6 In *Marin Metropolitan District*, a division of this court affirmed the trial court's judgment on the merits in favor of MMD and

2

Century.  No. 24CA1092, slip op. at 2  Thus, for the reasons stated in that decision, the trial court did not err by entering judgment in favor of MMD and Century.

C.    Century Was Entitled to an Award of Costs

¶ 7    Bondshares and UMB argue that the trial court erred by awarding Century costs because it did not assert any claims and none were asserted against it.  We are not persuaded.

¶ 8    The trial court relied on the supreme court's decision in *Archer,* which holds as follows: "A 'prevailing party' is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation."  *Archer*, 90 P.3d at 230; *see also Grynberg v. Agri Tech, Inc.*, 985 P.2d 59, 64 (Colo. App. 1999) ("[T]he prevailing party is one that has succeeded on a significant issue and has achieved some of the benefits sought in the lawsuit."), *aff'd,* 10 P.3d 1267 (Colo. 2000); C.R.C.P. 54(d) ("[R]easonable costs shall be allowed as of course to the prevailing party . . . .").

¶ 9    Contrary to Bondshares and UMB's argument, *Archer* does not hold that a prevailing party must have asserted a claim or had a claim asserted against it.  In any event, MMD asserted a claim, and

Bondshares and UMB asserted counterclaims that exposed Century to significant liability — a potential mill levy on its property for millions of dollars. Indeed, Century was properly named as a necessary party by MMD because the declaratory judgment sought by MMD would materially impact Century's property. *See* C.R.C.P. 57(j) ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ."). In the litigation, Century's interest aligned with that of MMD. Thus, Century had little reason to duplicate the same claim for declaratory relief that MMD had already articulated. But Century still incurred costs as a result of being drawn into the litigation, and Century obtained a significant benefit as a result of MMD's declaratory judgment claim — the defeat of Bondshares and UMB's counterclaims. Furthermore, Century clearly derived a benefit from the declaratory judgment — it was no longer burdened by the possibility of a mill levy on its property.

¶ 10    Thus, the trial court did not err by concluding that Century was a prevailing party.

### D. Coding and Deposition Expenses

¶ 11 Bondshares and UMB challenge the trial court's award of costs incurred by Century to code case-related documents. Century justified these expenses on the grounds that the case was document-intensive and a "vendor's initial review and coding of these documents was necessary and reasonable for purposes of disclosures, productions in response to discovery requests, preparation for depositions, and trial."

¶ 12 The trial court allowed the expenses, noting that it was "very familiar with the complexities of this case and the volume of exhibits involved in the preparation and trial of the case." The court noted,

> Century has stated that the outside vendor's services were "necessary and reasonable for purposes of disclosures, productions in response to discovery requests, preparation for depositions, and trial." . . . While Century could have provided more robust support for this item of costs, the Court recognizes the importance of efficient and effective document management in a document intensive case such as this . . . [and finds] these costs to be reasonable and necessary . . . .

¶ 13 We conclude the trial court did not abuse its discretion by awarding these coding expenses as costs. *See Gf Gaming Corp. v.*

*Taylor*, 205 P.3d 523, 527 (Colo. App. 2009) ("[W]e defer to the trial court's finding that the document coding expenses were 'reasonably incurred in this particular case,' which is consistent with the court's observations about the complexity of the case."); *cf. Moye White LLP v. Beren*, 2013 COA 89, ¶ 44 (court did not abuse its discretion by awarding scanning expenses that assisted counsel in efficiently preparing for trial and responding to discovery requests).

¶ 14    The trial court also awarded MMD and Century the expenses they incurred taking the depositions of people with information that was essential to the case.  Century provided the following rationale supporting this request: "The deponents . . . were key witnesses who testified at trial [and the trial court] relied on testimony of these witnesses in its decisions and these depositions and deposition transcripts were necessary for developing the facts and preparing a record for trial."  The trial court awarded these expenses, reasoning as follows: "These depositions were permitted under this Court's rules and discovery orders; the deposition transcripts were necessary for preparing the direct and cross-examination of each of these witnesses at trial.  As a result, the

costs of deposition transcripts were 'reasonably necessary' for litigation."

¶ 15    Again, we conclude that the trial court did not abuse its discretion by awarding these deposition-related expenses. *See Cherry Creek Sch. Dist. No. 5 v. Voelker*, 859 P.2d 805, 814 (Colo. 1993) (trial court's findings that discovery depositions were integral to preparation for trial and necessary for the efficient presentation of evidence and cross-examination of witnesses were more than sufficient to satisfy the standard for recovery of deposition costs). In doing so, we expressly reject UMB and Bondshares' argument that MMD and Century were required to provide a detailed rationale establishing that each deposition was necessary and essential to the development or presentation of the case. The trial court found counsel's general description sufficient, and given the court's superior knowledge of the history of this case, we defer to that judgment.

### E.    Costs for Trial Transcripts

¶ 16    The parties agreed prior to trial that they would evenly share the expenses of obtaining expedited trial transcripts for use at trial and in post-trial motions. MMD and Century do not dispute this

agreement, nor do they dispute that those expenses were in fact split between the parties. Nonetheless, the trial court allowed MMD and Century to obtain reimbursement for their portion of the transcript expenses. The court reasoned that the transcript expenses were not a luxury and were justified in view of the prior appeal and the anticipation that its ruling following the bench trial would also be appealed.

¶ 17    Bondshares and UMB argue that the court abused its discretion because MMD and Century had agreed to share the transcript expenses but did not reserve the right to seek reimbursement of those expenses pursuant to a cost award.

¶ 18    The general rule is that if the parties agree to share certain expenses, they are bound by that agreement unless they expressly reserve the right to seek reimbursement as costs. *See Moye White*, ¶ 48 n.8 (noting that a trial court should not award costs under section 13-16-122, C.R.S. 2025, when the parties agreed to split the requested expenses); *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1192 (Colo. App. 2011) (same).

¶ 19    Here, it is undisputed that the parties agreed to split the transcript expenses, and MMD and Century point to nothing in the

8

record reserving any party's right to pursue reimbursement at the conclusion of the proceedings. The closest Century comes is its argument that "the record before this Court supports that, while the parties initially agreed to split trial transcript expenses, they recognized that it was 'standard practice' for the prevailing party to later recover such costs." But the quoted language is not reflected in any agreement between the parties. Rather, it is taken from Century's reply in support of its bill of costs. In other words, this language was merely an argument by counsel. Thus, it provides no evidentiary support for MMD and Century's contention that they reserved the right to recover their portion of those expenses as costs. *See Robertson v. People*, 2017 COA 143M, ¶ 35 ("[A]rguments of counsel, of course, are not evidence." (quoting *City of Fountain v. Gast*, 904 P.2d 478, 482 n.5 (Colo. 1995))).

¶ 20    Thus, Century did not meet its burden of demonstrating that it reserved the right to seek reimbursement of its share of the transcript expenses. *Valentine*, 252 P.3d at 1187 ("The burden is on the requesting party to provide 'sufficient information and supporting documentation to allow [the court] to make a reasoned decision for each cost item presented.'" (quoting *City of Aurora v.*

*Colo. State Eng'r*, 105 P.3d 595, 627 (Colo. 2005))). Accordingly, this portion of the trial court's cost award must be reversed.

## III.    Disposition

¶ 21    The trial court's order awarding MMD and Century costs for their share of the trial transcripts is reversed. In all other respects, the trial court's cost order in favor of MMD and Century is affirmed.

JUDGE J. JONES and JUDGE GROVE concur.