24CA0263 Stevens v Brandychase 11-27-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0263
Jefferson County District Court No. 21CV112
Honorable Ryan P. Loewer, Judge

Leslie Robin Stevens, as Trustee of Hunter's Living Trust,

Plaintiff-Appellant,

v.

Brandychase II Homeowners Association, Inc. and Antares Property Services,
Inc., d/b/a Associa Colorado Association Services,

Defendants-Appellees.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE GOMEZ
Dunn and Navarro, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

Spencer Fane LLP, Troy R. Rackham, Denver, Colorado, for Plaintiff-Appellant

Jachimiak Peterson Kummer, LLC, Joseph R. Kummer, Taylor A. Clapp,
Lakewood, Colorado, for Defendants-Appellees

¶ 1    Leslie Robin Stevens appeals the trial court's order awarding attorney fees and costs under the Colorado Common Interest Ownership Act (CCIOA) to Brandychase II Homeowners Association, Inc. (BC-HOA).[1]  Stevens challenges the trial court's prevailing party analysis, its determination that CCIOA applied to some of the claims, and its denial of her request for a hearing.  We reject Stevens's challenges and affirm the trial court's order.  We also grant BC-HOA's request for appellate attorney fees and remand the case to the trial court to determine and award those fees.

I.    Background

¶ 2    Stevens owns a condominium in the Brandychase II community.  BC-HOA is the homeowners' association for the community.  Antares Property Services, Inc., d/b/a Associa Colorado Association Services (Associa), is the community association manager.  This case arises from the parties' disputes relating to three elections for the BC-HOA board.

---

[1] The order on appeal refers only to BC-HOA although both defendants (BC-HOA and Antares Property Services, Inc., d/b/a Associa Colorado Association Services) filed the underlying motion for attorney fees and costs.

¶ 3 BC-HOA conducted the first election in November 2020 during its annual meeting. After the meeting, BC-HOA determined that it hadn't achieved a quorum and, thus, that none of the candidates had been elected. Stevens claimed, however, that through various proxy forms she'd submitted, a quorum had been achieved and she had been elected as a member of the board.

¶ 4 BC-HOA scheduled a second election, which was held online in March 2021. Afterward, BC-HOA announced that a board had been elected. It did not include Stevens.

¶ 5 Stevens then called a special online meeting in May 2021 to conduct a third election. The ballots cast during that meeting purported to remove the board members selected in the second election and to elect all new members, including Stevens.

¶ 6 Stevens filed this action, asserting, as relevant here, claims against BC-HOA and Associa for breach of contract and CCIOA and for breach of the implied covenant of good faith and fair dealing. Both claims were premised on the parties' disputes regarding the validity of the three elections. BC-HOA, in turn, asserted various counterclaims against Stevens, including for declaratory relief, breach of contract and CCIOA, breach of the implied covenant of

2

good faith and fair dealing, and civil conspiracy. These claims were based largely on Stevens's actions in the third election but also touched on issues from the two earlier elections.

¶ 7    The trial court granted summary judgment in favor of BC-HOA on some of the claims, declaring, as relevant here, that the proxy forms Stevens submitted in the first election were invalid. (The court also granted summary judgment in favor of the individual BC-HOA board members on all claims Stevens had brought against them.) The court then held a bench trial on the remaining issues and determined that the second election was valid and the third election was not.

¶ 8    Stevens appealed the judgment, and a division of this court affirmed it in part and reversed it in part. *Stevens v. Brandychase,* (Colo. App. No. 22CA0888, June 8, 2023) (not published pursuant to C.A.R. 35(e)) (*Stevens I*). The *Stevens I* division agreed that Stevens's proxy forms for the first election were invalid and that the third election was also invalid. However, it disagreed with the trial court's conclusion that the second election was valid and instead concluded that it was invalid. The division remanded the case, and

the trial court entered a new order consistent with the division's directions.

¶ 9     The trial court later entered the order at issue in this appeal, ruling on the parties' competing motions for attorney fees and costs under CCIOA, section 38-33.3-123(1)(c), C.R.S. 2024.  The court determined that there were six claims relevant to the fee and cost issues:

> (1) Stevens's claim for breach of contract and CCIOA;
>
> (2) Stevens's claim for breach of the implied covenant of good faith and fair dealing;
>
> (3) BC-HOA's counterclaim for declaratory relief;
>
> (4) BC-HOA's counterclaim for breach of contract and CCIOA;
>
> (5) BC-HOA's counterclaim for breach of the implied covenant of good faith and fair dealing; and
>
> (6) BC-HOA's counterclaim for civil conspiracy.

Of these six claims, the court concluded that Stevens had prevailed on three (claims 1, 5, and 6) and that BC-HOA had prevailed on the remaining three (claims 2, 3, and 4).  The court concluded that because each party had prevailed on half of the claims, it would

award both parties half of their requested fees and costs, which it found to be reasonable. Stevens's award, reduced by half, was assessed at $39,674.74, and BC-HOA's was assessed at $69,529.19. Because Stevens's award was offset by BC-HOA's, the court awarded $29,854.40 to BC-HOA. This appeal followed.

## II. Prevailing Party Analysis

¶ 10 Stevens initially challenges the trial court's prevailing party analysis in two ways. First, she contends that the court used the wrong standard to determine the prevailing party for the purpose of awarding attorney fees and costs. And second, she contends that, even if the court used the right standard, it erred in applying that standard. We address each contention in turn.

### A. Applicable Standard

¶ 11 Stevens first argues that the trial court erred in determining the prevailing party based on a claim-by-claim approach rather than based on the entire case. We don't consider this argument, as Stevens didn't preserve it for appellate review.

¶ 12 In civil cases, we generally don't address unpreserved issues. *Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50. We don't require "talismanic language" to preserve an issue for appeal. *Id.*

(quoting *In re Estate of Owens*, 2017 COA 53, ¶ 21). Nonetheless, for an issue to be preserved, it "must be brought to the trial court's attention and the court must be given the opportunity to rule on it." *Franklin D. Azar & Assocs. P.C. v. Ngo*, 2024 COA 99, ¶ 51.

¶ 13 Stevens's argument is premised on amendments the General Assembly made to CCIOA's attorney fee provisions in 2006. Before the amendments, the relevant provision of CCIOA stated,

> *For each claim or defense*, including but not limited to counterclaims, cross-claims, and third-party claims, . . . in any legal proceeding to enforce or defend the provisions of this article or of the declaration, bylaws, articles, or rules and regulations, the court shall award to the party prevailing *on such claim* the prevailing party's reasonable collection costs and attorney fees and costs incurred in asserting or defending *the claim*.

§ 38-33.3-123(1)(c), C.R.S. 2005 (emphases added).

¶ 14 The statute now reads, in relevant part,

> *In any civil action* to enforce or defend this article 33.3 or the declaration, bylaws, articles, or rules and regulations, the court shall award reasonable attorney fees, actual costs, and actual costs of collection to the prevailing party . . . .

§ 38-33.3-123(1)(c)(I), C.R.S. 2024 (emphasis added); *see also* Ch. 266, sec. 4, § 38-33.3-123(1)(c)(I), 2006 Colo. Sess. Laws 1217-18.

¶ 15     While Stevens quoted the amended language in her briefing on the fee and cost motions and suggested generally that she had prevailed in the action, she nevertheless argued that the court should conduct a claim-by-claim analysis as required by the previous statutory language and as articulated by a division of this court in *Giguere v. SJS Family Enterprises, Ltd.*, 155 P.3d 462, 471-72 (Colo. App. 2006).  She never argued, as she does now, that based on the amended statutory language and a decision from another division of this court applying that amended language, *see Far Horizons Farm, LLC v. Flying Dutchman Condo. Ass'n*, 2023 COA 99, ¶ 29, the trial court was required to assess the prevailing party in the action as a whole rather than on a claim-by-claim basis.

¶ 16     Stevens arguably invited any error in the court's application of the prevailing party standards by advocating for a claim-by-claim approach.  *See Bernache v. Brown*, 2020 COA 106, ¶ 11 ("The doctrine of invited error prevents a party from complaining on appeal of an error that [they] invited or injected into the case."). But, at a minimum, Stevens didn't preserve her argument that the statute requires a wholistic, rather than a case-by-case, approach. *See Madalena*, ¶ 50; *Franklin D. Azar & Assocs.*, ¶ 51.

7

¶ 17    We reject Stevens's suggestion that she had no opportunity to preserve her argument because the October 2023 opinion in *Far Horizons Farm* wasn't announced until after she'd submitted her briefs on the fee and cost issues.  The parties submitted two rounds of briefs on those issues, starting in early 2022 and ending in September 2023.  But the statutory amendments at issue date to 2006 — more than fifteen years before even the first briefs were submitted in this case.  Thus, Stevens had ample opportunity to argue that the amendments had modified the applicable test, just as the appellant argued in *Far Horizons Farm*, ¶¶ 10, 16, 18 n.6.  And the opinion in *Far Horizons Farm* was announced before the trial court ruled on the fee and cost issues in this case, providing an opportunity for Stevens to submit it to the trial court as supplemental authority.  *See Univex Int'l, Inc. v. Orix Credit All., Inc.*, 902 P.2d 877, 879 (Colo. App. 1995) (a party sufficiently preserved an issue through a notice of supplemental authority), *aff'd*, 914 P.2d 1355 (Colo. 1996).

## B.     Claim-by-Claim Analysis and Calculation of Award

¶ 18     Stevens also argues that, even assuming the trial court didn't err in performing a claim-by-claim prevailing party analysis, it erred in its application of that analysis.  We disagree.

¶ 19     We review the reasonableness of a trial court's attorney fee award for an abuse of discretion.  *Accetta v. Brooks Towers Residences Condo. Ass'n*, 2021 COA 147M-2, ¶ 43.  We also review a trial court's prevailing party determination for an abuse of discretion.  *Far Horizons Farm*, ¶ 17.  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or is based on a misapprehension or misapplication of the law.  *Id.*

¶ 20     Stevens takes issue with the way the trial court counted the claims on which each party prevailed.  As noted above, the trial court found that Stevens prevailed on three claims (her claim for breach of contract and CCIOA, BC-HOA's counterclaim for breach of the implied covenant of good faith and fair dealing, and BC-HOA's counterclaim for civil conspiracy) and that BC-HOA prevailed on three claims (Stevens's claim for breach of the implied covenant of good faith and fair dealing, BC-HOA's counterclaim for

declaratory relief, and BC-HOA's counterclaim for breach of contract and CCIOA).

¶ 21    Stevens argues that the court should've tallied the claims differently, as some of them asserted multiple theories (relating to the three different elections) and some were duplicative of other claims. She also argues that attorney fees were not recoverable for some of the parties' claims; although it's not entirely clear, she seems to challenge the basis for awarding fees for the claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and civil conspiracy, as they didn't arise under CCIOA. She claims that when tallying all the theories each party raised relating to CCIOA, she prevailed on two-thirds of them and BC-HOA prevailed on only one-third.

¶ 22    But the trial court had broad discretion to resolve the prevailing party question, particularly given the mixed results on each party's claims and theories. *See Archer v. Farmer Bros. Co.*, 90 P.3d 228, 231 (Colo. 2004) ("A trial court is given broad discretion to determine who is a prevailing party in multiple claim cases because of its unique opportunity to observe the course of the litigation."); *Gonzales v. Windlan*, 2014 COA 176, ¶ 54 ("We discern

no reason why the standards and reasoning articulated in *Archer* should not apply where . . . a case involves a single claim for relief but multiple contested issues.").  We discern no abuse of discretion in the manner in which the court resolved that question.

¶ 23     Finally, we discern no abuse of discretion in the trial court's inclusion of the claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and civil conspiracy in its prevailing party analysis.  Those claims, like the other claims included in the court's fee analysis, were based primarily on the parties' arguments regarding the validity of the three elections.  It was thus within the trial court's discretion to find that those claims were brought "to enforce or defend [CCIOA] or the declaration, bylaws, articles, or rules and regulations," as required to recover fees under CCIOA.  § 38-33.3-123(1)(c)(I).

¶ 24     For all these reasons, we discern no abuse of discretion in the trial court's prevailing party analysis.

III.   Applicability of CCIOA to the Third Election

¶ 25     Relatedly, Stevens contends that CCIOA doesn't apply to the third election and, thus, that attorney fees weren't awardable for the portions of the claims relating to that election.  We disagree.

11

¶ 26    As explained above, CCIOA provides for the recovery of fees to a prevailing party "[i]n any civil action to enforce or defend [CCIOA] or the declaration, bylaws, articles, or rules and regulations." § 38-33.3-123(1)(c)(I).  Like other provisions of CCIOA, this provision applies to an association as well as "[a]ny managing agent, employee, independent contractor, or other person acting on behalf of the association."  § 38-33.3-302(3)(a), C.R.S. 2024.

¶ 27    Citing these provisions, Stevens argues that in asserting the validity of the third election, she (1) wasn't advancing a claim to enforce or defend CCIOA or BC-HOA's declaration, bylaws, articles, or rules and regulations; and (2) wasn't serving as a managing agent, employee, independent contractor, or other person acting on behalf of BC-HOA.

¶ 28    Again, we review the reasonableness of a trial court's attorney fee award for an abuse of discretion.  *Accetta*, ¶ 43.  But we review de novo any statutory interpretations or legal conclusions that provide the basis for an award of fees.  *Deighton v. City Council*, 3 P.3d 488, 490 (Colo. App. 2000).

¶ 29    The division in *Stevens I* rejected a similar argument Stevens had made in that appeal:

> Stevens contends the district court erred by concluding that the May [2021] election was subject to CCIOA. We disagree. This was an election for the directors of an association that is subject to CCIOA. Under such circumstances, the election must be conducted in accordance with CCIOA and the operative provisions of the [Colorado Revised Nonprofit Corporation Act]. Stevens was not free of these requirements simply because she was acting on her own behalf rather than as an authorized agent of the association.

*Stevens I*, slip op. at ¶ 48.

¶ 30    Although the issue raised now is slightly different, we agree with the division's reasoning in *Stevens I* and reach the same result.

¶ 31    Notwithstanding that Stevens ultimately failed in her attempts to join the board and exert control over BC-HOA, it was within the trial court's discretion to conclude that her efforts to enforce the results of the third election were essentially efforts to enforce CCIOA and/or BC-HOA's declaration, bylaws, articles, or rules and regulations. Likewise, it was within the trial court's discretion to conclude that she was attempting to act on behalf of the association and consequently was subject to CCIOA's attorney fee provision. At any rate, in resisting her efforts, BC-HOA certainly acted as an association and endeavored to enforce CCIOA and the association's

13

governing documents, thus subjecting the parties' claims to the fee provision regardless of the capacity in which Stevens was acting.[2]

¶ 32    Therefore, we discern no error or abuse of discretion in the trial court's award of fees relating to the third election.

## IV.    Denial of Request for a Hearing

¶ 33    Stevens also contends that the trial court erred by denying her request to hold a hearing on the attorney fee issues, citing cases indicating that when a party requests a hearing on such issues, a court must conduct one. *See, e.g., In re Marriage of Tognoni*, 313 P.3d 655, 661 (Colo. App. 2011). We decline to consider this issue because Stevens didn't preserve it.

¶ 34    As before, for an issue to be preserved for appeal, it "must be brought to the trial court's attention and the court must be given the opportunity to rule on it." *Franklin D. Azar & Assocs.*, ¶ 51.

---

[2] To the extent that Stevens suggests the attorney fees issues relating to the third election were governed by section 38-33.3-123(1)(d), C.R.S. 2024, we disagree. That subsection applies only where a unit owner *prevails* on a claim that they violated a provision of CCIOA or the association's declaration, bylaws, articles, or rules and regulations. Even if this provision otherwise might have applied, the trial court found that Stevens *did not prevail* on any claims relating to the third election.

¶ 35     Before trial, defendants filed an initial motion for attorney fees and costs.  In response, Stevens requested that the trial court deny the motion outright or, alternatively, hold a hearing on it.  The court never ruled on that first motion.

¶ 36     After the court conducted the trial and entered its initial order and judgment, defendants filed a second motion for fees and costs.  Following the division's decision in *Stevens I*, Stevens filed a competing motion for fees and costs.  Stevens didn't make another request for a hearing either in her response to defendants' second motion or in her briefing on her own motion.  In fact, in her reply in support of her motion, Stevens asked the court to rule on the issue "without a hearing and without further delay."

¶ 37     Stevens contends that she preserved this issue because she requested a hearing in response to defendants' first motion.  But the trial court ultimately ruled not on that first motion, but on defendants' second motion and Stevens's competing motion.  Because Stevens didn't request a hearing in her briefing on those motions — and, in fact, specifically asked the court to rule without a hearing — she didn't preserve this issue for appeal.  *See id.*

## V. Appellate Attorney Fees and Costs

¶ 38 Lastly, we consider BC-HOA's request for appellate attorney fees and costs under section 38-33.3-123(1)(c)(I).

¶ 39 As we've indicated, this statute requires an award of attorney fees and costs to the prevailing party "[i]n any civil action to enforce or defend [CCIOA] or the declaration, bylaws, articles, or rules and regulations." *Id.* Because BC-HOA is the prevailing party in this appeal defending an order entered pursuant to CCIOA, it is entitled to an award of its appellate attorney fees and costs. *See Accetta,* ¶ 51.

¶ 40 Pursuant to C.A.R. 39.1, we remand the case to the trial court to determine and award the amount of reasonable attorney fees and costs BC-HOA incurred on appeal.

## VI. Disposition

¶ 41 The order is affirmed, and the case is remanded to the trial court to determine and award BC-HOA the amount of reasonable attorney fees and costs it incurred on appeal.

JUDGE DUNN and JUDGE NAVARRO concur.