574 P.2d 112 (1977)
In re the MARRIAGE OF Margaret Lorena ROSE, Appellant, and
Chester Rose, and O. F. Adams, as Special Administrator of Estate of Chester Rose, Appellees.
No. 76-924.
Colorado Court of Appeals, Division II.
October 27, 1977.
Rehearing Denied November 17, 1977.
*113 Ardell & Gram, Laurence A. Ardell, Pueblo, for appellant.
Carmel A. Garlutzo, Trinidad, for appellees.
STERNBERG, Judge.
In this dissolution of marriage action, the trial court received uncontested evidence of residency in the State of Colorado for more than 90 days prior to the commencement of the action, and uncontroverted testimony that the parties' nine-year marriage was "irretrievably broken." The court then stated that "the decree of divorce will be entered today since we have already heard the testimony," and the court instructed counsel to submit written suggestions on the matter of property division within 10 days. Thus, property division was deferred to a later time. Before that division could take place, however, the husband died.
Under these circumstances, the wife asserts that the marriage had not been dissolved at the time of the husband's death and that therefore she is entitled to claim the surviving spouse's share of the husband's estate. The trial court held that the marriage had been dissolved, and entered a decree of dissolution nunc pro tunc to the date of the above hearing. The wife appeals, and we affirm.
In seeking reversal of the judgment, the wife contends that the court's statement quoted above did not satisfy the need for specific findings of fact or conclusions of law under C.R.C.P. 52(a). She also urges that, contrary to the requirement of § 14-10-106(1)(b), C.R.S. 1973, the court did not specifically find that a deferral of property disposition is "necessary in the best interests of the parties," and that, absent such a finding, a valid decree could not be entered.
We find the wife's arguments unpersuasive. The purpose of the requirement for specific findings of fact and conclusions of law under C.R.C.P. 52(a) is to give the appellate court a clear understanding of the grounds for the trial court's decision. Westland Nursing Home, Inc. v. Benson, 33 Colo.App. 245, 517 P.2d 862 (1974). See also Mowry v. Jackson, 140 Colo. 197, 343 P.2d 833 (1959). While it would have been preferable for the trial court to state that it found that the residency requirements of the statute had been complied with and that the marriage was irretrievably broken, nevertheless, where, as here, there is no evidence which would support any contrary finding on those issues, we as the reviewing court have no difficulty in determining the basis for the trial court's action.
Specifically, the wife stated she had lived in Colorado for 28 years and that the marriage was irretrievably broken. That evidence alone was sufficient to support the trial court's action.
We also find to be without merit the wife's contention that the judgment should be reversed because the court made no specific finding that it was in the best interest of the parties to defer to a later date the property division. At the time of this deferral, the trial court had instructed counsel to submit within a 10 day period written suggestions as to what they thought would be a fair settlement. Neither party objected at that time. It is clear that the reason for the requirement for a specific finding on this issue is to prevent unwarranted delays in dividing property in dissolution of marriage cases. Here, with the parties being instructed to submit their proposals within a specific time period, the purpose of the statute was being complied with and the best interest of the parties was served.
Judgment affirmed.
ENOCH and VanCISE, JJ., concur.