**GOVERNOR'S RANCH HOMEOWNER'S ASSOCIATION, INC., a Colorado corporation not for profit, Plaintiff-Appellant,**

v.

**Walter F. GUNTHER, Defendant-Appellee.**

**No. 84CA0486.**

Colorado Court of Appeals, Div. III.

April 11, 1985.

Rehearing Denied May 9, 1985.

Certiorari Denied Sept. 3, 1985.

Eckelberger & Feldman, Ethan D. Feldman, Mark K. Payne, Littleton, for plaintiff-appellant.

No appearance for defendant-appellee.

METZGER, Judge.

Plaintiff, Governor's Ranch Homeowner's Association, Inc., (Association) appeals a judgment allowing defendant, Walter F. Gunther, to maintain an evaporative cooler on his roof in violation of a restrictive covenant. We affirm.

The Association filed suit on April 14, 1982, seeking to enjoin Gunther from violating the Association's covenants by maintaining a rooftop evaporative cooler. On April 26, 1983, the court found that relocating the cooler to the ground was a reasonable alternative consistent with the restrictive covenants, ordered Gunther to remove the cooler from the roof within 60 days, and permanently enjoined Gunther from reerecting the rooftop cooler. When Gunther failed to remove the cooler, a contempt citation was issued.

At the show cause hearing, Gunther introduced evidence that he had installed solar collecting panels on his roof after entry of the injunction and that hot water from the solar panels was used to power the evaporative cooler during the summer and to heat the house during the winter. The trial court ruled that the solar panels were consistent with the Association's covenants and that the evaporative cooler together with the solar panels constituted an integrated solar energy device under § 38–32.-5–100.3, C.R.S. (1982 Repl.Vol. 16A). The court concluded that, in view of § 38–30–168, C.R.S. (1982 Repl.Vol. 16A), which voids covenants whose effect is effectively to prohibit or restrict the installation of solar energy devices, the entire rooftop device was not violative of the Association's covenants. The court therefore dismissed the contempt citation, and modified the injunction to prohibit the cooler only if the solar panels became inoperative or were removed.

On appeal, the Association contends that the trial court erred in determining that the evaporative cooler constituted a portion of a "solar energy device" as contemplated by § 38–32.5–100.3. We disagree.

Section 38–32.5–100.3 defines "solar energy device" as:

"a solar collector or other device or a structural design feature of a structure which provides for the collection of sunlight and which comprises part of a system for the conversion of the sun's radiant energy into thermal, chemical, mechanical, or electrical energy."

Section 38–30–168 limits the effect on solar energy devices of restrictive covenants based on aesthetic considerations to "reasonable restrictions ... which do not significantly increase the price of the device."

 A mere physical connection between a solar energy device and a separate device which, in isolation, violates restrictive covenants is insufficient to bring the separate device within the protection of § 38–30–168. However, we hold that if, together, the devices constitute an integrated solar energy device, then the total unit is protected by § 38–30–168.

 Here, the trial court found, based on Gunther's testimony, that the evaporative cooler and the solar panels together

constituted such an integrated solar energy device. It further found that the solar panels effectively shielded the evaporative cooler from view from most directions, and that the unit as a whole did not violate the covenants. We will not substitute our findings of fact for those of the trial court. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Order affirmed.

STERNBERG and TURSI, JJ., concur.