23CA1519 2001 Beaver Creek v Malahide 07-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1519
Eagle County District Court No. 18CV30207
Honorable Jonathan K. Shamis, Judge

2001 Beaver Creek Point Association, Inc., a Colorado nonprofit corporation,

Plaintiff-Appellee and Cross-Appellant,

v.

Malahide, LLC, a Colorado limited liability company,

Defendant-Appellant and Cross-Appellee.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE YUN
Tow and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 24, 2025

Sweetbaum Miller PC, Alan D. Sweetbaum, Andrew S. Miller, Denver, Colorado,
for Plaintiff-Appellee and Cross-Appellant

Caplan and Earnest LLC, Rohn K. Robbins, Elliot Hood, Travis J. Miller,
Boulder, Colorado, for Defendant-Appellant and Cross-Appellee

¶ 1     In this dispute over a homeowner's attempts to construct improvements to a residential property, the defendant, Malahide, LLC (Homeowner), appeals, and the plaintiff, 2001 Beaver Creek Point Association, Inc. (the Association), cross-appeals portions of the district court's judgment. Both parties also appeal the court's denial of attorney fees and costs. We affirm in part, reverse in part, and remand the case to the district court for further findings.

## I.     Background

¶ 2     Homeowner owns one of five homes in a common interest community in Avon, Colorado, established under the Colorado Common Interest Ownership Act (CCIOA), §§ 38-33.3-101 to -401, C.R.S. 2024, and managed by the Association. Homeowner's property is subject to the "Declaration of Covenants, Conditions, Restrictions and Easements for 2001 Beaver Creek Point" (the Declaration), which contains provisions for architectural control and design review by the Association's executive board to ensure that "all modifications to structures . . . conform to and harmonize with existing surroundings and structures." The Association enforces the Declaration.

¶ 3     Beginning in 2015, Homeowner repeatedly sought the Association's approval to build an addition to its property including a deck and, in later proposals, a "garage-like storage area" and a solar panel roof above the deck. The Association denied these requests on various grounds. In 2018, the Association filed a lawsuit against Homeowner, seeking, as relevant here, a permanent injunction to stop Homeowner from constructing the addition without the Association's written consent. In response, Homeowner asserted counterclaims for breach of covenant, breach of the statutory duty of good faith, *see* § 38-33.3-113, C.R.S. 2024, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. To support these counterclaims, Homeowner asserted, as relevant here, that the Association had (1) failed to enforce the Declaration "in a uniform and nondiscriminatory manner"; (2) denied the proposed addition in an "arbitrary and capricious manner," in violation of section 38-33.3-302(3)(b), C.R.S. 2024; and (3) "effectively prohibit[ed]" the installation of a renewable energy device, in violation of section 38-33.3-106.5(1.5), C.R.S. 2024. Homeowner also raised these three assertions as affirmative defenses.

¶ 4    Following a five-day bench trial, the district court denied the Association's request for an injunction.  The court found that "the Association [had] repeatedly, arbitrarily, and capriciously rejected" Homeowner's proposals for an addition to its property and that "the threatened injury, the theoretical potential that [Homeowner] goes forward with its proposed addition, does not outweigh the harm that an injunction may cause to [Homeowner].  [Homeowner] will be harmed by the injunction since it validates the arbitrary and capricious [behavior] of the Association . . . ."

¶ 5    Turning to Homeowner's four counterclaims, the court noted that "[Homeowner's] breach of covenant, breach of good faith, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty claims all question whether the Association's denial of [Homeowner's] proposed addition was made in good faith" and was "not arbitrary or capricious."  The court found that, based on the evidence presented at trial, (1) "the Association failed to apply and enforce [its] covenants in a uniform and nondiscriminatory manner," and (2) "[t]he decision by the Association's [b]oard to deny [Homeowner's] proposed addition was . . . arbitrary and capricious."

¶ 6     Next, after determining that this case did not involve any written instrument restricting the installation of a renewable energy device, *see* § 38-30-168, C.R.S. 2024, the court turned to Homeowner's argument that the Association had "effectively prohibit[ed]" the installation of a renewable energy device through its conduct, in violation of section 38-33.3-106.5(1.5). The court found that the Association had not violated the statute because it had not "prohibited the installation of solar panels" but rather prohibited "an elaborate expansion of a home that happens to include solar panels on the roof."

¶ 7     Finally, the court determined that, for the purpose of awarding attorney fees and costs to the prevailing party, *see* § 38-33.3-123(1)(c)(I), C.R.S. 2024, neither party prevailed. The court explained this ruling by noting that (1) it had ruled against the Association on its claim for a permanent injunction and (2) it had not found in favor of Homeowner "on any of its counterclaims or defenses."

¶ 8     Homeowner now appeals, and the Association cross-appeals.

## II. Analysis

¶ 9    Homeowner contends that the district court erred by (1) determining that it did not prevail on any of its counterclaims or defenses; (2) misapplying section 38-33.3-106.5(1.5); (3) misallocating the burden of proof; and (4) finding that, for the purpose of awarding attorney fees and costs, neither party prevailed.  The Association, for its part, contends that the court erred by finding that it acted in an arbitrary and capricious manner.  And both parties request their attorney fees and costs incurred in the district court and on appeal.  We begin with the Association's contention, then address each of Homeowner's contentions and the parties' fee requests.

### A. Arbitrary and Capricious Conduct

¶ 10    The Association contends that the district court erred by finding that it rejected Homeowner's proposed addition in an arbitrary and capricious manner.  We disagree.

### 1. Standard of Review

¶ 11    A district court's judgment following a bench trial presents a mixed question of fact and law.  *State ex rel. Weiser v. Ctr. for Excellence in Higher Educ., Inc.*, 2023 CO 23, ¶ 33.  "We review the

5

court's factual findings for an abuse of discretion and its legal conclusions de novo." *Id.* In doing so, we defer to the district court's credibility findings and its assessment of the weight and probative effect of the evidence. *Amos v. Aspen Alps 123, LLC*, 2012 CO 46, ¶ 25; *Saturn Sys., Inc. v. Militare*, 252 P.3d 516, 521 (Colo. App. 2011). It is not our role to decide the facts or substitute our judgment for that of the district court, and we will not disturb the court's findings of fact "unless they are so clearly erroneous as to find no support in the record." *Saturn Sys.*, 252 P.3d at 521.

¶ 12 "The determination of whether the exercise of powers by a homeowners' association has been reasonable or arbitrary is a factual question." *Woodward v. Bd. of Dirs. of Tamarron Ass'n of Condo. Owners*, 155 P.3d 621, 625 (Colo. App. 2007).

## 2. Law and Discussion

¶ 13 CCIOA prohibits a homeowners' association from exercising its powers to approve or disapprove a homeowner's plans in an arbitrary and capricious manner. § 38-33.3-302(3)(b) ("Decisions concerning the approval or denial of a unit owner's application for architectural or landscaping changes shall be made in accordance with standards and procedures set forth in the declaration or in

duly adopted rules and regulations or bylaws of the association, and shall not be made arbitrarily or capriciously."). A "[c]apricious or arbitrary exercise of discretion" occurs when a decision-making body (1) "neglect[s] or refus[es] to use reasonable diligence and care" to procure evidence it is authorized to consider; (2) fails to "give candid and honest consideration to evidence before it"; or (3) bases its decision on conclusions from the evidence that "reasonable persons fairly and honestly considering the evidence could not reach." *Rice v. Auraria Higher Educ. Ctr.*, 131 P.3d 1096, 1100 (Colo. App. 2005).

¶ 14    Here, the district court determined that the Association acted in an arbitrary and capricious manner based on the following findings:

- In 2015, when Homeowner first inquired about the process for submitting plans to construct a deck, the president of the Association's board responded that the Association had already held a meeting and rejected the deck proposal. The decision was made without notice to Homeowner of the meeting and without allowing Homeowner to present and explain its plans.

- In 2018, when Homeowner inquired again about constructing an addition to its property, the Association once more denied permission "without reviewing any plans or specifications." Several months later, the Association sent Homeowner a letter "add[ing] different reasons for [its] denial of the project."

- Later that year, Homeowner submitted plans for the project to the Town of Avon, which conducted a public hearing. The Association's board president attended the hearing and stated that the Association would "deny [Homeowner's project] in any form."

- In 2019, Homeowner submitted plans for the addition to the Association again. The Association's board president "drafted the minutes denying the project in advance of the meeting." At the meeting, the Association voted to deny the project, offering yet another new set of reasons.

- The reasons proffered by the Association for denying Homeowner's plans "continued to change" at a hearing in 2019, where the board president "testified to further reasons never discussed with [Homeowner]."

8

- "The Association's assertion that the project would encroach on the drainage ditch, the driveway, and the snow storage easement seems to be refuted by the survey showing the location" of Homeowner's property.

- "The Association's assertion of a visibility/safety issue and a privacy issue is refuted by [the district court judge's] site visit before trial."

- "The Association did not attempt to negotiate or troubleshoot any of its concerns . . . , nor did the Association retain any professionals to study the alleged drainage or safety concerns."

- In 2022, Homeowner submitted "revised plans that reoriented the solar project so the panels would no longer be visible from [the Association board president's] home to again address the concerns of the Association. The Association refused to hold a meeting to view the proposal, demanding instead that to obtain review, [Homeowner] would need to withdraw its original submissions, agree the Association acted in good faith,

9

stipulate to a permanent injunction on those plans, and pay all of the Association's attorney fees."

¶ 15    The Association does not dispute any of these findings. Rather, it argues that the district court gave too much weight to certain evidence (such as the fact that the original architectural drawings for the community included a patio in the location of Homeowner's proposed deck) and failed to assign sufficient weight to other evidence (such as testimony by the original developer concerning efforts to maximize privacy for each home in the community).  But it is not our role to reweigh the evidence.  *See Amos*, ¶ 25.

¶ 16    The Association further argues that the record does not support the district court's finding that "there is an inference that proposals within the original building envelope would be favored" such that "[t]he Association should have had an expectation that [Homeowner] would use its unbuilt building envelope."  But even assuming that this one finding is erroneous, the Association fails to address the district court's extensive findings that the Association denied Homeowner's plans without reviewing them, that the reasons for the denial continued to change, or that some of those

10

reasons appeared pretextual because they were "refuted" by the evidence. Thus, because the court's determination that the Association rejected Homeowner's plans in an arbitrary and capricious manner is not "so clearly erroneous as to find no support in the record," *Saturn Sys.*, 252 P.3d at 521, we will not disturb it on appeal.

¶ 17    We are not persuaded otherwise by the Association's argument that the district court based its ruling on an incorrect legal standard because the court noted that "finding 'that reasonable [persons] fairly and honestly considering the evidence must reach contrary conclusions' is impossible under the circumstances." *See Rice*, 131 P.3d at 1100 (A "[c]apricious or arbitrary exercise of discretion" occurs when a decision-making body reaches conclusions from the evidence that "reasonable persons fairly and honestly considering the evidence could not reach."). First, the district court did not explain this statement and indeed contradicted it in the next two sentences, where it stated that "[t]he relevant evidence shows that the proposed addition would not significantly impact views and privacy of other residents, yet it was consistently rejected when submitted by [Homeowner] . . . . The

11

Court must find that a reasonable person would reach the contrary conclusion under this circumstance." And second, drawing conclusions from the evidence that "reasonable persons fairly and honestly considering the evidence could not reach" is only one of the ways that a decision-making body can exercise its discretion in an arbitrary and capricious manner. *Id.* A "[c]apricious or arbitrary exercise of discretion" also occurs when a decision-making body "neglect[s] or refus[es] to use reasonable diligence and care" to procure evidence it is authorized to consider, or when it fails to "give candid and honest consideration to evidence before it." *Id.* The district court's findings that the Association repeatedly (1) denied Homeowner's plans without reviewing them and (2) offered shifting, pretextual reasons for the denial are sufficient to support its determination that the Association acted in an arbitrary and capricious manner.

## B. Homeowner's Counterclaims and Defenses

¶ 18 Turning to Homeowner's contentions, Homeowner argues, first, that the district court erred by determining that it did not prevail "on any of its counterclaims or defenses." We conclude additional findings are necessary.

12

¶ 19     Following a bench trial, "the court shall find the facts specially and state separately its conclusions of law thereon." C.R.C.P. 52. The purpose of the requirement for specific findings of fact and conclusions of law under Rule 52 "is to give the appellate court a clear understanding of the grounds for the trial court's decision." *In re Marriage of Rose*, 574 P.2d 112, 113 (Colo. App. 1977). The court's findings must be "sufficiently comprehensive to provide a basis for [its] decision." *Bonidy v. Vail Valley Ctr. for Aesthetic Dentistry, P.C.*, 232 P.3d 277, 281 (Colo. App. 2010) (quoting *Mowry v. Jackson*, 343 P.2d 833, 836 (Colo. 1959)).

¶ 20     The district court began its discussion of Homeowner's counterclaims by noting that "[Homeowner's] breach of covenant, breach of good faith, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty claims all question whether the Association's denial of [Homeowner's] proposed addition was made in good faith" and was "not arbitrary or capricious." It then made two specific findings: (1) "the Association failed to apply and enforce [its] covenants in a uniform and nondiscriminatory manner," and (2) "[t]he decision by the Association's [b]oard to deny [Homeowner's] proposed addition

13

was . . . arbitrary and capricious." The court did not analyze any of Homeowner's four counterclaims individually or discuss them again until the end of its order, when it stated, without explanation, that Homeowner did not prevail "on any of its counterclaims or defenses."[1]

¶ 21    We are thus unable to discern the basis for the district court's judgment against Homeowner on its counterclaims or defenses. "In the absence of sufficient findings of fact and conclusions of law to permit appellate review, the proper remedy is a remand to the trial court with directions to make the requisite findings." *Mission Viejo Co. v. Willows Water Dist.*, 818 P.2d 254, 261 n.12 (Colo. 1991). Accordingly, we reverse and remand the case to the district court with directions to make findings of fact and conclusions of law

---

[1] In its answer to the Association's complaint, Homeowner asserted that the Association had selectively enforced the Declaration and denied the proposed addition in an arbitrary and capricious manner both in support of its counterclaims and as affirmative defenses. Whether styled as counterclaims or affirmative defenses, both assertions were "issue[s]" in the litigation for the purpose of determining which party prevailed, *see* Part II.E *infra*. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004) (A prevailing party is one who "prevails on a significant issue in the litigation" and receives some of the benefits sought.).

regarding Homeowner's counterclaims and defenses sufficient to permit meaningful appellate review.[2]

## C. Renewable Energy Statute

¶ 22    Homeowner argues that the district court erred by finding that the Association had not "effectively prohibit[ed]" the installation of a renewable energy generation device, in violation of § 38-33.3-106.5(1.5).  We disagree.

---

[2] We recognize that, on August 2, 2023, the district court entered a post-trial order outside the sixty-three-day period set forth in C.R.C.P. 59(j), thus making the order void.  *See Durdin v. Cheyenne Mountain Bank*, 98 P.3d 899, 902 (Colo. App. 2004).  The order explained that, despite finding that "the Association acted arbitrarily and capriciously in its process of considering" Homeowner's proposal, the court nonetheless concluded that Homeowner did not prevail on any of its counterclaims because the evidence presented at trial "suggest[ed] that [Homeowner's] proposal may have violated local building codes."  The court also briefly mentioned Homeowner's potential violation of local building codes in its findings of fact and conclusions of law entered after trial.  But the court did not suggest that the potential violation was the reason the Association denied Homeowner's proposal or explain how the potential violation relates to Homeowner's counterclaims for breach of covenant, breach of the statutory duty of good faith, breach of the implied covenant of good faith and fair dealing, or breach of fiduciary duty.  Although the post-trial order is void, we remind the court that, on remand, it must make findings of fact and conclusions of law sufficient for us to understand the basis of its ruling.

## 1. Standard of Review

¶ 23 As noted above, when reviewing a district court's judgment after a bench trial, we review the court's factual findings for an abuse of discretion and its legal conclusions de novo. *Ctr. for Excellence in Higher Educ.*, ¶ 33.

¶ 24 Statutory interpretation is a question of law that we review de novo. *Vista Ridge Master Homeowners Ass'n v. Arcadia Holdings at Vista Ridge, LLC*, 2013 COA 26, ¶ 8. We analyze a statute according to its plain language and apply it as written if it is clear and unambiguous on its face. *Id.* at ¶ 9.

## 2. Governing Law

¶ 25 Section 38-33.3-106.5(1.5) provides that, "[n]otwithstanding any provision in the declaration, bylaws, or rules and regulations of the association to the contrary, an association shall not effectively prohibit renewable energy generation devices, as defined in section 38-30-168." The definition of a "renewable energy generation device" in section 38-30-168 includes "[a] solar energy device, as defined in section 38-32.5-100.3." In turn, section 38-32.5-100.3, C.R.S. 2024, defines a "solar energy device" as "a solar collector or other device or a structural design feature of a structure which

16

provides for the collection of sunlight and which comprises part of a system for the conversion of the sun's radiant energy into thermal, chemical, mechanical, or electrical energy."

¶ 26     A division of this court interpreted the definition of "solar energy device" in section 38-32.5-100.3 in *Governor's Ranch Homeowner's Ass'n v. Gunther*, 705 P.2d 1011 (Colo. App. 1985). In that case, a homeowner had installed an evaporative cooler and solar panels on his roof. *Id.* at 1012. Based on evidence that "hot water from the solar panels was used to power the evaporative cooler during the summer and to heat the house during the winter," the trial court found that "the evaporative cooler together with the solar panels constituted an integrated solar energy device under [section] 38-32.5-100.3." *Id.* On appeal, the division ruled that

> [a] mere physical connection between a solar energy device [i.e., the solar panels] and a separate device [i.e., the evaporative cooler] . . . is insufficient to bring the separate device within the protection of [a statute limiting the effect of restrictive covenants on solar energy devices]. However, we hold that if, together, the devices constitute an integrated solar energy device, then the total unit is protected by [the statute].

*Id.* As to whether "the evaporative cooler and the solar panels together constituted such an integrated solar energy device," the division expressed no opinion but merely noted that "[w]e will not substitute our findings of fact for those of the trial court." *Id.* at 1012-13.

### 3.  Discussion

¶ 27    In 2018, when the Association filed this lawsuit, Homeowner's proposed addition consisted of "a garage-like storage area," a deck, and a "solar array mounted above [the deck] as a roof." In support of its counterclaims for breach of the statutory duty of good faith, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, Homeowner asserted that the Association had violated section 38-33.3-106.5(1.5) by "effectively prohibit[ing]" the installation of a renewable energy generation device.

¶ 28    The district court rejected Homeowner's argument, finding that there was no evidence in the record that the Association had effectively prohibited solar panels. The court explained that

> [w]hat the Association has done in this instance is deny the building of an addition that contains solar panels on top of it. It has not prohibited solar panels generally or the installation of solar panels on existing

18

structures. . . . [T]he addition [is] an elaborate expansion of a home that happens to include solar panels on the roof. A homeowner cannot be allowed to blanketly justify constructing any addition to their home over the objections of their homeowners' association simply because the addition is intended to include solar panels.

¶ 29 Homeowner argues that the district court misread *Governor's Ranch,* claiming that, like the solar panels and evaporative cooler in that case, its entire proposed addition should be considered one integrated solar energy device within the meaning of section 38-32.5-100.3. But the trial court's finding of integration in *Governor's Ranch* was based on the fact that the solar panels were used to power the evaporative cooler. 705 P.2d at 1012. Here, in contrast, as the district court noted, the garage and deck have "nothing to do with the solar panels" on the roof over the deck — they are "not integrated in any way." While the solar panels and the underlying structures may be physically connected, "[a] mere physical connection between a solar energy device and a separate device . . . is insufficient" to bring both devices within the meaning of a "solar energy device" as defined in section 38-32.5-100.3. *Id.*

¶ 30    We therefore conclude that the district court did not err by determining that Homeowner's proposed addition was not an integrated solar energy device and that, consequently, the Association's denial of the addition did not amount to an effective ban on a renewable energy generation device in violation of section 38-33.3-106.5(1.5).[3]

## D.    Burden of Proof

¶ 31    Homeowner contends that the district court erred by misallocating the burden of proof with respect to the issue of good faith.  We discern no error.

¶ 32    "Determining which party bears the burden of proof is a question of law, which we review de novo."  *LeHouillier v. Gallegos*, 2019 CO 8, ¶ 18.

---

[3] Homeowner further asserts that the district court erred by misallocating the burden of proof as to whether the Association violated section 38-33.3-106.5(1.5), C.R.S. 2024.  But the court did not address the burden of proof; rather, both the court's ruling and Homeowner's argument turn on the application of *Governor's Ranch Homeowner's Ass'n v. Gunther*, 705 P.2d 1011 (Colo. App. 1985), to this case.  Homeowner does not explain how any misallocation of the burden of proof might have affected the court's analysis.  Accordingly, we discern no error.

¶ 33	The burden of proof in a civil case generally lies with the party asserting a claim. *Kim v. Grover C. Coors Tr.*, 179 P.3d 86, 90 (Colo. App. 2007). In this case, the Association sought to enforce the Declaration against Homeowner by obtaining a permanent injunction to prevent Homeowner from constructing its proposed addition without the Association's written permission. Under section 38-33.3-113, "[e]very contract or duty governed by [CCIOA] imposes an obligation of good faith in its performance or enforcement." It is undisputed that the Declaration is a contract governed by CCIOA. Accordingly, as both parties agree, the Association bore the burden on its permanent injunction claim of proving that its denial of Homeowner's addition was made in good faith. *See Gleneagle Civic Ass'n v. Hardin*, 205 P.3d 462, 469 (Colo. App. 2008) (A homeowner's association's "refusal to approve plans must be reasonable and made in good faith and must not be arbitrary or capricious." (quoting *Rhue v. Cheyenne Homes, Inc.*, 449 P.2d 361, 363 (Colo. 1969))).

¶ 34	Before trial, Homeowner requested a determination of law that "under CCIOA, the Association bears the burden of proving its good faith in refusing to approve the [p]roject." The district court ruled

21

that, "[i]n the interest of judicial economy and to avoid obfuscation of the issues, the Court . . . directs that each party bears the burden of proving by a preponderance of the evidence the respective claims . . . raised by that party." In its final written judgment, the court did not refer to the burden of proof.

¶ 35 Homeowner argues that the district court's pretrial order meant that the court had placed the burden of proof on Homeowner to demonstrate that the Association did not act in good faith. But the court's order says no such thing. Consistent with Colorado law, it simply says that "each party bears the burden of proving by a preponderance of the evidence the respective claims . . . raised by that party." *See Kim*, 179 P.3d at 90. And most importantly, there is nothing in the court's final judgment to suggest that the court misallocated the burden of proof. Indeed, Homeowner does not argue that the court treated any specific factual or legal issues incorrectly based on its allocation of the burden of proof.

¶ 36 Additionally, Homeowner argues that the Association had the burden of proving that it acted in good faith even in the context of Homeowner's counterclaims. Under Colorado law, the burden of proof rests with the party asserting the counterclaim. *Id.*; *see*

*Russell v. Phillips*, 216 P.2d 424, 426 (Colo. 1950) ("The burden of proof was on the defendant to establish the allegations of his counterclaim by a preponderance of the evidence."). Homeowner has not cited, and we are not aware of, any exception for a counterclaim asserting that the Association did not act in good faith under section 38-33.3-113.

¶ 37 For all these reasons, we are not persuaded that any error occurred.

### E. Prevailing Party Determination

¶ 38 Homeowner contends that the district court erred by finding that, for the purpose of awarding attorney fees and costs to the prevailing party under section 38-33.3-123(1)(c)(I), neither party prevailed. Because we are reversing and remanding for additional findings on Homeowner's counterclaims and defenses, we must also reverse the court's determination that neither party prevailed.

### 1. Governing Law and Standard of Review

¶ 39 CCIOA provides that, "[i]n any civil action to enforce or defend this article . . . or the declaration, bylaws, articles, or rules and regulations, the court shall award reasonable attorney fees, actual costs, and actual costs of collection to the prevailing party."

23

§ 38-33.3-123(1)(c)(I). A prevailing party is one who "prevails on a significant issue in the litigation" and receives some of the benefits sought. *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004). The number of claims on which each party was victorious and the amount of damages awarded are not dispositive on this issue. *Id.* Rather, a court should examine the overall context of the case and should consider where in the case the parties spent the majority of their time and resources. *Anderson v. Pursell,* 244 P.3d 1188, 1194 (Colo. 2010).

¶ 40 Because of its unique opportunity to observe the course of the litigation, the district court is in the best position to determine which party prevailed. *Archer,* 90 P.3d at 231. When a case involves multiple claims, "some of which are successful and some of which are not, it is left to the sole discretion of the trial court to determine which party, if any, is the prevailing party." *Id.* The court may also rule that neither party prevailed. *Wheeler v. T.L. Roofing, Inc.,* 74 P.3d 499, 503 (Colo. App. 2003). We review the district court's prevailing party determination for an abuse of discretion, *id.*, which occurs when the court's ruling is manifestly

arbitrary, unreasonable, or unfair, or when it misapplies the law, *Tisch v. Tisch*, 2019 COA 41, ¶ 33.

## 2.    Discussion

¶ 41    The district court concluded that neither party prevailed because (1) it had ruled against the Association on its claim for a permanent injunction and (2) it had not found in favor of Homeowner on any of its counterclaims or defenses.  However, as discussed above, the court did not make sufficient findings of fact and conclusions of law to support its determination that Homeowner did not prevail on any of its counterclaims or defenses. *See* C.R.C.P. 52.  Accordingly, we must reverse the court's determination that neither party prevailed.

¶ 42    Because the determination of the prevailing party will depend in part on the district court's additional findings concerning Homeowner's counterclaims and defenses, we direct the court on remand to revisit the question of which party prevailed and award reasonable attorney fees and costs to the prevailing party, if any. § 38-33.3-123(1)(c)(I).

## F.    Appellate Attorney Fees and Costs

¶ 43    Both parties request their appellate attorney fees and costs under section 38-33.3-123(1)(c)(I).  This statute permits the prevailing party to recover not only reasonable fees and costs incurred in the district court, but also those incurred on appeal. *See Accetta v. Brooks Towers Residences Condo. Ass'n*, 2021 COA 147M2, ¶ 51 (awarding appellate attorney fees to the prevailing party in a dispute between homeowners and their homeowners' association under section 38-33.3-123(1)(c)(I)).  Accordingly, if the district court determines on remand that one of the parties prevailed, we direct the court to determine and award reasonable appellate attorney fees and costs to the prevailing party.

## III.    Disposition

¶ 44    The judgment is affirmed in part and reversed in part, and the case is remanded for the district court to (1) make further findings on Homeowner's counterclaims and defenses; (2) determine the prevailing party, if any; and (3) award reasonable attorney fees and costs incurred in the district court and on appeal to the prevailing party, if any, consistent with section 38-33.3-123(1)(c)(I).

JUDGE TOW and JUDGE SULLIVAN concur.

26